**UNITED STATES of America, Plaintiff,**

v.

**Thomas WILLIAMS and David Gerald Patterson, Defendants.**

**Comm. No. 11771.**

United States District Court
N. D. California, N. D.
July 24, 1963.

E. Richard Walker, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Lawrence F. Girolami, Sacramento. Cal., for defendants.

HALBERT, District Judge.

This is an appeal by the defendant, Thomas Williams, from a judgment of conviction in the Commissioner's Court. The appeal has been properly brought to this Court pursuant to the provisions of Title 18 U.S.C. § 3402.

Each of the defendants in this case was charged with a violation of Title 16 U.S.C. § 703 and Migratory Bird Regulation 10.51f. The defendants elected to be tried by the Commissioner. After hearing the evidence adduced at the trial, the Commissioner found each of the defendants guilty as charged. It is from this judgment of conviction that defendant Williams has appealed. Williams urges a reversal of his conviction on the grounds that:

(1) The judgment of the Commissioner is unsupported by the facts;

(2) As a matter of law, he is not guilty as charged; and

(3) The Commissioner made errors concerning the admission of evidence at the trial.

■ Pursuant to the mandate of Congress, found in Title 18 U.S.C. § 3402, the Supreme Court of the United States adopted rules of procedure for trials before Commissioners. Those rules are set forth in 311 U.S. at page 733, (also following the Federal Rules of Criminal Procedure in the United States Code Annotated, but not elsewhere so far as I can find). The rule with which we are here concerned is Rule 4, and the portion thereof pertinent to this proceeding reads as follows:

"The defendant shall not be entitled to a trial de novo in the District Court and the decision of the Commissioner upon questions of fact shall not be reexamined by the District Court. Only errors of law apparent from the record as certified by the Commissioner shall be considered by the court."

In the light of this rule, the District Court's duty in connection with an appeal from a Commissioner's judgment of conviction *begins and ends* with an examination of the record to ascertain if the record: (1) discloses evidence which will support the Commissioner's judgment of conviction, and (2) shows the trial to have been free of errors of law.

■ I have examined the record before me in this case, and I am of the view that the most than can be said about the evidence is that there was a conflict in it. As the trier of the facts, the Commissioner was empowered to believe the evidence which led to the conviction of the defendant, and disbelieve that which would have led to his acquittal. Having reached a decision to find the defendant, Williams, guilty as charged, after seeing and hearing the witnesses (the very best test for determining where the truth lies, in my opinion), I have neither the right nor the desire to disturb this findings.

I have examined, with care, the record, and studied the memoranda submitted by counsel. I find no apparent error of law in the record of this case.

Under the circumstances which exist, I have but one course open to me, and that is to affirm the judgment entered by the Commissioner against the defendant, Williams, in this case.

It is so ordered.