UNITED STATES of America, Appellee,

v.

Kenneth L. JACKSON, Appellant.

No. 77–1213.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1979.

Decided Sept. 12, 1979.

---

Alan J. Nuta, Gaithersburg, Md., for appellant.

Robert F. McDermott, Jr., Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

The appellant was given a ticket on two occasions for being outside his taxicab when parked in a taxicab lane at the Washington National Airport in violation of 14 C.F.R. § 159.2(c)(1), and was charged on another occasion with simple assault on an airport officer in violation of 18 U.S.C. § 113. He consented to trial before a United States Magistrate, waiving his right to trial before a district court. The Magistrate found him guilty of all charges and fined him $25 for one of the tickets and $5 for the other ticket, and imposed a sentence of 90 days' probation on the assault charge. The district court affirmed the judgment of the United States Magistrate, and this appeal followed.

■ Appellant relies on *Argersinger v. Hamlin* (1972) 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, in contending that he was entitled to court-appointed counsel in his trial before the Magistrate. The appellant was charged with petty offenses and even though the Regulations and Statute that he was charged with violating provided for fines or a term of imprisonment, or both, upon his conviction, he was not sentenced to imprisonment. *Argersinger* holds that "no person *may be imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." [1] In the recent case of *Scott v. State of Illinois* (1979) 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383, the Supreme Court said "we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." [2] The appellant therefore had no constitutional right to court-appointed counsel.

■ During arraignment the Magistrate addressed several defendants at the same time. Because the Magistrate did not address him personally and individually, appellant contends that he did not knowingly, intelligently and voluntarily waive his right to counsel. The Magistrate informed the defendants that if any one of them wished to retain a lawyer or to talk to a lawyer that he should so indicate when his name was called on the docket. When appellant's name was called he did not indicate that he desired counsel. Under the circumstances of this case, it is our opinion that appellant intelligently and voluntarily made a competent waiver of counsel.

■ Appellant's final contention that the Federal Regulations involved here violate his constitutional rights of speech, assembly and movement is without merit. The restrictions imposed by the Regulations are reasonable and necessary for the proper functioning of the airport and are in furtherance of legitimate governmental inter-

---

1. At p. 37, 92 S.Ct. at p. 2012 (emphasis added).

2. At 373, 99 S.Ct. at 1162.

est. *See Grayned v. City of Rockford* (1972) 408 U.S. 104, 117–121, 92 S.Ct. 2294, 33 L.Ed.2d 222; *Cox v. Louisiana* (1965) 379 U.S. 559, 562–64, 85 S.Ct. 476, 13 L.Ed.2d 487.

The judgment of conviction is accordingly *AFFIRMED.*