**UNITED STATES of America, Plaintiff,**

v.

**Don E. RAMIREZ, Defendant.**

**Crim. No. S–82–90 MLS.**

United States District Court,
E.D. California.

Jan. 17, 1983.

Donald B. Ayer, U.S. Atty., Kenneth G. Peterson, Asst. U.S. Atty., Sacramento, Cal., for plaintiff.

Don E. Ramirez, in pro. per.

## OPINION AND MODIFIED ORDER

MILTON L. SCHWARTZ, District Judge.

On September 24, 1982, pursuant to the appeal of defendant-appellant ("defendant") from the magistrate's judgment of conviction, the court filed its order reversing the judgment and remanding the case to the magistrate. On November 23 a hearing was held on plaintiff-appellee's ("the Government") motion for reconsideration, at which defendant and counsel for the Government were both present. The court reviewed the written and oral arguments, granted the motion for reconsideration, and thereupon took the matter under submission. It now issues this opinion and modified order which supersedes and replaces the Order of September 24, 1982.

This modified order, the same as the September 24 order, reverses the judgment of conviction. Its purpose is to clarify the

court's meaning and to articulate with more precision and in more detail the rationale on which it bases its ruling. For example, the court is informed that the September 24 decision has been construed by magistrates in this district as impliedly holding that in every misdemeanor case, including petty offenses, the magistrate is required to afford the defendant the right to *appointed* counsel. Such was not the intent of the order— which was restricted to the facts of this case, namely, the situation where a defendant in a petty offense case is not informed *in advance* that he will not be incarcerated in the event of his conviction.

## I

## BACKGROUND AND STATUS OF THE APPEAL

Defendant was charged with a violation of 36 C.F.R. § 2.37(b) (1981), possession of marijuana on federal land. On April 19, 1982, prior to the commencement of trial scheduled for that day, defendant executed a written consent and waiver which specified, in pertinent part, as follows:

I hereby waive (give up) my right to trial, judgment and sentencing before a United States district judge, and I consent to trial, judgment and sentencing before a United States magistrate.

The written consent and waiver also recites that the magistrate explained to defendant the nature of the offense charged, the maximum possible penalties "which might be imposed if I am found guilty," and the "right to the assistance of legal counsel." It does not specify whether the advice as to the "maximum possible penalties" was the maximum allowed by law (*see* 36 C.F.R. § 1.3(a)) or the maximum the magistrate intended to impose in the event of conviction. Also, it does not include a waiver of the right to assistance of counsel; it only acknowledges that defendant was advised of this right.

Unhappily, there was no court-reporter record or sound recording made of the proceedings and it is therefore impossible to ascertain (1) whether defendant specifically waived his right to proceed without the assistance of retained counsel, (2) whether the magistrate advised defendant in advance of trial that his penalty, in the event of conviction, would not consist of imprisonment, or (3) whether, if the magistrate failed to advise in advance that there would be no imprisonment in the event of conviction, he advised defendant of his right to appointed counsel. The court can ascertain from the file only that the above consent and waiver was executed by defendant in advance of trial and that he proceeded to trial immediately thereafter without the assistance of counsel.

On April 20 the magistrate found defendant guilty and entered judgment suspending imposition of sentence and placing defendant on six months' probation subject, *inter alia,* to the following condition:

. . . .

2. That defendant pay restitution in the sum of $50 by check or money order made payable to *Clerk, U.S. District Court,* and mailed to U.S. Magistrate, P.O. Box 4383, Redding, CA 96099 within thirty days.

(Emphasis in the original).

The case is now before the court on defendant's appeal from the judgment. Defendant contends that he "need[s] a chance to question the citing officer's testimony because there was some very questionable statements made . . . [and] [a]s a layman, [he is] not as familiar with court procedures." He also asserts that the imposition of the fifty dollar "restitution" and six months' probation are inconsistent. Construing his *pro se* pleading with the requisite liberality, *see Ivey v. Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982), *citing Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the court deems the appeal to raise two issues: first, whether defendant was denied his right to appointment of counsel, and, second, whether ordering of restitution is consistent with the requirements of the Probation Act, 18 U.S.C. § 3651.

A post-conviction review of the magistrate's judgment is governed by the

same standards as an appeal from a judgment of a district court to the court of appeals. 18 U.S.C. § 3402; Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates, Rule 7(e). Thus, the judgment is reversible only if it is clearly erroneous or contrary to law. *United States v. Li,* 510 F.Supp. 276, 277 (D.Haw. 1981); *United States v. Williams,* 220 F.Supp. 556, 557 (N.D.Cal.1963).

## II

## RIGHT TO COUNSEL

### A. *Court Appointed Counsel*

■■■■ Generally, the defendant in a criminal prosecution has a constitutional right to have the court appoint counsel to represent him, if he is unable to retain counsel at his own expense. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In *Argersinger,* the Supreme Court held that the right to appointed counsel extends to misdemeanor and petty offense trials, at least where incarceration is actually imposed. *Argersinger,* 92 S.Ct. at 2012. In *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Court clarified the right insofar as concerns state court prosecutions, holding that "the Federal Constitution does not require a state trial court to appoint counsel for a criminal defendant" where imprisonment is not actually imposed. *Id.* 99 S.Ct. at 1160. The issue now before the court is whether *Scott* forecloses defendant's right to appointed counsel in *federal* petty offense prosecutions where imprisonment is a potential but is not actually imposed.[1]

The opinion in *Scott* does not address the question of whether this rule is applicable to federal proceedings. The Court indicated, however, that the issue before it was the application of the *federal* constitution to *state* proceedings. · *Id.* 99 S.Ct. at 1160, 1161, 1162. In citing *Argersinger,* the Court stated that "*Argersinger* did indeed delimit the constitutional right to appointed counsel in *state criminal proceedings* [to actual imprisonment]." *Id.* 99 S.Ct. at 1162 (emphasis added). The Court also found that the requirement of actual imprisonment "has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on *50 quite diverse States.*" *Id.* (emphasis added).

Thus, *Scott* addressed itself to the special problems confronted in applying provisions of the federal constitution to state proceedings.

The process of incorporation creates special difficulties, for the state and federal contexts are often different and application of the same principle may have ramifications distinct in degree and kind. The range of human conduct regulated by state criminal laws is much broader than that of the federal criminal laws, particularly on the "petty" offense part of the spectrum. As a matter of constitutional adjudication, we are, therefore, less willing to extrapolate an already extended line when, although the general nature of the principle sought to be ap-

1. In the case *sub judice,* the magistrate suspended imposition of sentence and placed defendant on six months' probation.

It might be noted, parenthetically, that at least in this case there is logic in distinguishing the situation where the judge or magistrate promises in advance that no sentence of imprisonment will be imposed from one where he makes no such promise but in fact imposes a penalty which does not include imprisonment. In the latter case, as in the case *sub judice,* if the imposition of sentence is suspended it is possible that imprisonment could be imposed in the event of a violation of probation. While it is undoubtedly true, as the Government argues,

that if imprisonment could not have been imposed in the first instance (because of failure to offer appointed counsel) it also cannot be imposed for a violation of probation, there is no guarantee that the official who hears the probation violation charge will be able to ascertain (if, as in this case, there is no verbatim record of the proceedings) whether or not the defendant was represented by appointed counsel, or alternatively, effectively waived such representation. Even without a verbatim record, an advance assurance of no imprisonment could have been made in writing and filed along with the consent and waiver.

plied is clear, its precise limits and their ramifications become less so.

*Id.* 99 S.Ct. at 1161.

A close reading of *Scott,* in light of *Argersinger,* indicates that it only addresses the right to appointed counsel in state court proceedings.[2] As such, this court must determine the extent of the right to appointed counsel in a federal petty offense proceeding before a United States Magistrate.

■ This case was tried before a magistrate pursuant to 18 U.S.C. § 3401. Thus, the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates ["Magistrate Rules"] were applicable. Rule 1(b) provides that "[e]xcept as specifically provided by these rules, the Federal Rules of Criminal Procedure govern all proceedings except those concerning petty offenses for which no sentence of imprisonment will be imposed." "The term 'petty offenses for which no sentence of imprisonment will be imposed,' as used in these rules, means any petty offenses, regardless of the penalty authorized by law, as to which the magistrate determines that, in the event of conviction, no sentence of imprisonment will actually be imposed in the particular case." Magistrate Rules, Rule 1(c). A careful reading of Rule 1(c) discloses that the magistrate must make a determination *before conviction* that imprisonment will not be imposed.[3]

By reason of these rules, unless the magistrate commits on the record prior to trial that any sentence will not include imprisonment, the case is not a "petty offense for which no sentence of imprisonment will be imposed." In such a case, the Federal Rules of Criminal Procedure, including the provision for appointment of counsel in Rule 44, would apply unless a specific exception was contained in the Magistrate Rules. Magistrate Rule 2(b)(3) requires the magistrate, at the initial appearance, to inform defendant that "unless he is charged with a petty offense for which appointment of counsel is not required, [he has the] right to request the assignment of counsel if he is unable to obtain counsel." This rule cannot be viewed as limiting the applicability of Fed.R.Crim.P. 44, nor abrogating the sixth amendment right to counsel. Clearly, even under *Scott,* there are some petty offense proceedings which require appointment of counsel. *Scott,* 99 S.Ct. at 1162. Thus, Rule 2(b)(3) imparts that the magistrate need only inform defendant of the right to appointed counsel when the sixth amendment entitles defendant to representation. Thus, this court must address the question left open by *Scott* and *Argersinger:* whether the sixth amendment right to appointed counsel extends to federal proceedings where imprisonment is a potential sentence, but where defendant is not imprisoned.

---

**2.** In *United States v. Jackson,* 605 F.2d 1319, 1320 (4th Cir.1979), the court held that *Scott* foreclosed the right to appointed counsel in federal petty offense proceedings where incarceration was not imposed. The decision merely cites *Scott* without discussing its applicability to federal proceedings. As such, this court finds it unpersuasive. *See also United States v. Decoster,* 624 F.2d 196, 201 & n. 8 (D.C.Cir. 1979) (*obiter dicta* that right to appointed counsel extends to felonies and misdemeanors that result in imprisonment, *citing Argersinger* and *Scott*).

In *United States v. Leavitt,* 608 F.2d 1290, 1293 (9th Cir.1979), the Ninth Circuit held that the right to appointed counsel extended to a prosecution in district court for violation of 36 C.F.R. § 4.14, for which the maximum penalty was a $500 fine and/or six months' imprisonment. 36 C.F.R. § 1.3. Defendant was found guilty. He was given a ninety-day sentence, execution of which was suspended, and was placed on three years' probation. The court

found the case controlled by *Argersinger* and Fed.R.Crim.P. 44(a), which provides for appointment of counsel for "every defendant." The court did not discuss *Scott,* nor did it consider the dichotomy between cases involving actual imprisonment and those where only the threat of imprisonment existed. The court did not disclose whether it considered the ninety-day sentence, imposed but not executed, to be actual imprisonment within the meaning of *Argersinger,* or whether it was extending the right to appointed counsel to all federal criminal proceedings. Thus, the opinion's applicability to the case *sub judice* is uncertain.

**3.** This reading is supported by the clauses "will be imposed" and "in the event of conviction." Since proceedings before a magistrate must be recorded, 18 U.S.C. § 3401(e), it follows that the determination of whether imprisonment will be imposed must be made on the record.

Prior to *Scott,* the Supreme Court had indicated that in England the right to appointed counsel extended to all persons accused of committing misdemeanors or petty offenses. *Argersinger,* 92 S.Ct. at 2009, *citing James v. Headley,* 410 F.2d 325, 331–32 n. 9 (5th Cir.1969). The sixth amendment extended the right to felony cases. However, "there is nothing in the language of the Amendment, its history, or in the decisions of this Court, to indicate that it was intended to embody a retraction of the right in petty offenses wherein the common law previously did require that counsel be provided." *Argersinger,* 92 S.Ct. at 2009.

Clearly, *Scott* limited the right to appointed counsel in state criminal proceedings. *See* discussion *supra* at 739. However, the Court's underlying concerns in *Scott* are not implicated in federal petty offense proceedings. As noted in *Scott,* "[t]he range of human conduct regulated by state criminal laws is much broader than that of the federal criminal laws, particularly on the 'petty' offense part of the spectrum." *Scott,* 99 S.Ct. at 1161. Moreover, the Court explicitly stated that application of the right to appointed counsel to state petty offenses "would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States." *Id.* 99 S.Ct. at 1162.[4]

■ In contrast to this diverseness, the federal system for trials before magistrates is uniform. Magistrates may only try misdemeanor cases. 18 U.S.C. § 3401. The rules of procedure governing such trials are set forth in the Magistrate Rules and the Federal Rules of Criminal Procedure. The statutory law applicable to proceedings before magistrates, both substantive and procedural, is identical throughout the federal judiciary. Thus, requiring appointment of counsel in federal petty offense proceedings where the possibility of imprisonment remains would neither create confusion nor impose unpredictable costs on diverse systems of justice. Moreover, Magistrate Rule 1(c), which requires a pre-trial determination of whether a sentence of imprisonment will be imposed, indicates that a preventive, rather than remedial, approach should be employed. Therefore, where the magistrate has not committed on the record prior to trial that in the event of conviction defendant will not be imprisoned, defendant has a right to court appointed counsel.[5]

### B. *Self-Representation*

■ The Government may contend that even if defendant had the right to have counsel appointed in this case, he waived that right. While it is true that a criminal defendant can waive his right to appointed counsel and, in fact, has a constitutional right to do so and to elect to represent himself, *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975), such waiver must be a knowing and intelligent one in order to be effective. *Id.* Before waiving the right, a defendant must be aware of the nature of the charges and the possible penalties, as well as the dangers and disadvantages of self-representation in a complex area where experience and professional training are most helpful. *United States v. Harris,* 683 F.2d 322, 324 (9th Cir.1982); *United States v. Crowhurst,* 596 F.2d 389, 390 (9th Cir.1979), *cert. denied,* 449 U.S. 1021, 101 S.Ct. 587, 66 L.Ed.2d 482 (1980); *United States v. Gillings,* 568 F.2d 1307, 1308–09 (9th Cir.), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978).

Therefore, it is not apparent whether defendant was advised of his right to appointed counsel. If he was not advised of this right, or if he did not effectively waive it, then the case would be automatically reversed. *Holloway v. Arkansas,* 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978); *Chapman v. California,* 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 828 & n. 8, 17 L.Ed.2d 705 (1967).

---

**4.** *See also Scott,* 99 S.Ct. at 1161, where the court stated: "[a]s a matter of constitutional adjudication, we are ... less willing to extrapolate an already extended line when, although the general nature of the principle sought to be applied is clear, its precise limits and their ramifications become less so."

**5.** As previously pointed out, no record of the proceedings before the magistrate exists.

Since the magistrate did not cause a record to be made of the waiver inquiry, if any, this court has no practical basis upon which to review the validity and effectiveness of any such waiver. *Harris,* 683 F.2d at 324; *United States v. Aponte,* 591 F.2d 1247, 1249 (9th Cir.1978). This is even more significant in light of 18 U.S.C. § 3401(e) which mandates that proceedings before magistrates in misdemeanor cases be recorded either by a court reporter or suitable sound recording equipment.[6]

The only case discovered by the court which discusses the obligation imposed by 18 U.S.C. § 3401(e) to record proceedings is *United States v. James,* 440 F.Supp. 1137 (D.Md.1977). In *James,* a tape recording was made but was completely inaudible, and defendant complained of specific error in the conduct of the trial. The court found that cases discussing 28 U.S.C. § 753(b)[7] had equal application to cases arising under 18 U.S.C. § 3401(e). *Id.* at 11. This court likewise finds no reason to distinguish between the precedents applicable to 28 U.S.C. § 753(b) and this case arising under 18 U.S.C. § 3401(e).

The leading Ninth Circuit cases addressing the obligation imposed by 28 U.S.C. § 753(b) hold that where no specific assignment of error in the conduct of the trial is claimed, the judgment should be vacated and the case remanded for determination of whether defendant was prejudiced. *United States v. Weiner,* 578 F.2d 757, 789 (9th Cir.1978); *United States v. Piascik,* 559 F.2d 545, 548 (9th Cir.1977); *Brown v. United States,* 314 F.2d 293, 295 n. 9 (9th Cir. 1963). However, the court in *Brown* indicates that if a defendant alleges specific

error in an unreported portion of the proceeding, the absence of a record might be a significant factor in determining whether there had been a denial of fundamental fairness, and whether reversal was proper. *Brown,* 314 F.2d at 295 n. 1.

The case *sub judice* comes within the reasoning of *Brown.* Defendant contends that his right to appointed counsel was abrogated. In order to determine whether he effectively waived his right to appointed counsel within the meaning of *Faretta,* it is essential that a record of the proceedings be before the court. *Harris,* 683 F.2d at 324. Since the right to counsel is fundamental in our scheme of justice, *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the failure to make a record from which the court can decide whether a waiver was valid and effective constitutes reversible error. *See, e.g., Harris,* 683 F.2d at 324–26; *Aponte,* 591 F.2d at 1249; *cf. Hollows, supra* at 1181 (deprivation of appointed counsel requires automatic reversal); *Chapman, supra* at 828 & n. 8 (violation of right to counsel never harmless error). Thus, in this case the conviction must be reversed.

## III

### RESTITUTION

Since this court has decided to reverse the judgment of conviction, defendant's appeal of the terms of probation is moot. However, for the guidance of the magistrate in any further proceeding, we note the following. The Probation Act provides that as a condition of probation a defendant "may be required to make resti-

---

6. 18 U.S.C. § 3401(e) provides:

(e) Proceedings before United States magistrates under this section shall be taken down by a court reporter or recorded by suitable sound recording equipment. For purposes of appeal a copy of the record of such proceedings shall be made available at the expense of the United States to a person who makes affidavit that he is unable to pay or give security therefor, and the expense of such copy shall be paid by the Director of the Administrative Office of the United States Courts.

7. 28 U.S.C. § 753(b) provides in relevant part:

(b) One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of the court or by one of the judges, and shall record verbatim by shorthand or by mechanical means which may be augumented [sic] by electronic sound recording subject to regulations promulgated by the Judicial Conference: (1) all proceedings in criminal cases had in open court; . . . .

tution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651. This section requires a showing of actual damage sustained by the party who is to receive payment. *United States v. Seest,* 631 F.2d 107, 110 (8th Cir. 1980); *Karrell v. United States,* 181 F.2d 981, 986 (9th Cir.1950). In the case *sub judice,* the file is devoid of any mention of damage to the district court, which is apparently the "aggrieved party." The magistrate is reminded that "restitution" is not to be used in lieu of a fine, but only to compensate persons who have been injured by a defendant's actions.

## IV

IT IS THEREFORE ORDERED that the judgment of conviction is reversed and the case is remanded to the magistrate for proceedings consistent with this order.