**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ramon J. ROJO, Defendant-Appellant.**

**No. 82–5812.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1983.

Decided Nov. 10, 1983.

As Modified Nov. 23, 1983.

Scott M. Cantor, Las Vegas, Nev., for defendant-appellant.

Lamond R. Mills, Las Vegas, Nev., for plaintiff-appellee.

Before TRASK, TANG, and REINHARDT, Circuit Judges.

TRASK, Circuit Judge:

Ramon J. Rojo appeals from an order of the district court affirming a judgment of conviction entered by Magistrate Philip M. Pro after finding appellant guilty of violating 18 U.S.C. § 641.

## FACTS

On February 27, 1982, a citation was issued to appellant charging him with switching the price tag on a key case at the Main Post Exchange of Nellis Air Force Base in violation of 18 U.S.C. § 641 (1976).[1] Thereafter, on March 9, 1982, appellant entered a plea of not guilty to the citation and on May 21, 1982, the case came up for trial before Magistrate Philip M. Pro. The magistrate denied both appellant's pretrial motion to dismiss based on the inadequacy of the citation and his motion at trial to dismiss the citation for failure to state a crime.

After a bench trial, the magistrate found appellant guilty of the section 641 charge and sentenced him to a six month period of unsupervised probation. Moreover, the special condition was imposed that appellant's Air Force privileges were not to be reinstated during the probation period.

Rojo appealed the magistrate's decision to the United States District Court for the District of Nevada. The district court affirmed the judgment of conviction and the appeal to this court followed.

## ANALYSIS

Rojo maintains that his judgment of conviction must be reversed, on the grounds that: (1) the government could not properly prosecute him by way of a citation for a violation of 18 U.S.C. § 641; (2) the citation failed to adequately advise him of the offense charged; and (3) the magistrate omitted to inform him of his right to a jury trial.

### I. The Charging Document

The court will first address appellant's contention that a prosecution pursuant to section 641 cannot proceed by way of citation. On the one hand, the trial of misdemeanors, other than petty offenses, may proceed on an indictment, information

---

1. 18 U.S.C. § 641 states, as follows:

    Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States of any department or agency thereof; or

    Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

    The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

or complaint. Rules of Procedure of the Trial of Misdemeanors before United States Magistrates, Rule 2(a) ("Magistrates Rules"). On the other hand, the trial of a petty offense may proceed on a citation or violation notice. *Id.* Resolution of Rojo's claim will, therefore, turn on whether a violation of 18 U.S.C. § 641 is a petty offense.

■ A petty offense is defined as "[a]ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both ...." 18 U.S.C. § 1(3). Under this definition, a violation of 18 U.S.C. § 641 is not a petty offense, as it permits the imposition of a $1000 fine and a one-year jail sentence, if the value of the property in question does not exceed $100. It is apparent, therefore, that prosecution by way of citation is impermissible under section 641.

■ The government argues, however, that the definition of a petty offense set out at 18 U.S.C. § 1(3) has been modified by the amended Magistrates Rules. Specifically, the government points to Rule 1(c), which provides:

> The term "petty offenses for which no sentence of imprisonment will be imposed," as used in these rules, means any petty offenses, regardless of the penalty authorized by law, as to which the magistrate determines that, in the event of conviction, no sentence of imprisonment will actually be imposed in the particular case.

The government is apparently taking the position that under Rule 1(c), if a magistrate determines that a prison sentence will not be imposed upon conviction, any misdemeanor becomes "petty." The court is hard-pressed to understand the government's reasoning. Rule 1(c) in no way indicates that it modifies 18 U.S.C. § 1(3). It is evident from the plain language of the

Magistrates Rules that Rule 1(c) simply defines those petty offenses to which, under Rule 1(b), the Federal Rules of Criminal Procedure need not be applied.[2]

Equally unavailing is the government's reliance on the language in the notes of the advisory committee, which states that the definition of petty offenses found in 18 U.S.C. § 1(3) "will *usually but not inevitably* apply here." Magistrates Rules, Rule 1(c) advisory committee note (emphasis in original). This interpretation takes the committee's language out of context. The committee stated:

> Because the distinction between petty offenses for which no sentence of imprisonment will be imposed and other misdemeanors is critical here and in following rules, it must be emphasized that the definition of a "petty offense" in 18 U.S.C. § 1(3) [section 1(3) of this title], "any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500 or both," will *usually but not inevitably* apply here. The Supreme Court has recognized the historical difference in treatment accorded petty offenses and has excluded them from the requirement that the trial of "crimes" be by jury. Nevertheless, certain offenses have traditionally been considered "crimes" at common law, and are still such even though the maximum penalty currently prescribed by law is not more than six months imprisonment or a fine of $500. That is, the penalty prescribed is of major relevance in determining whether an offense is petty in the constitutional sense, but is not the sole criterion; the historical antecedents of the offense and the ethical condemnation with which the community views the offense are also important.

---

**2.** Magistrates Rules, Rule 1(b) provides:
Except as specifically provided by these rules, the Federal Rules of Criminal Procedure govern all proceedings except those concerning petty offenses for which no sentence of imprisonment will be imposed. Proceedings concerning petty offenses for which no sentence of imprisonment will be imposed

are not governed by the Federal Rules of Criminal Procedure, except as specifically provided therein or by these rules. However, to the extent they are not inconsistent with these rules, a magistrate may follow such provisions of the Federal Rules of Criminal Procedure as he deems appropriate.

*Id.* (citations omitted) (emphasis in original).

The committee notes make clear that some offenses with a penalty of not more than six months imprisonment or a fine of no more than $500, may not be considered petty. The notes do *not* imply that offenses with a greater prescribed penalty can be considered petty if the magistrate determines that he will not impose imprisonment. We are firmly convinced, therefore, that a violation of 18 U.S.C. § 641 is a misdemeanor, not a petty offense and that the use of a citation in this case was legally defective.

Even assuming, arguendo, that we were to accept the government's contention that a section 641 violation can be considered a petty offense in some instances, this would not be such an instance. Under the Magistrates Rules, "petty offenses" are those in "which the magistrate determines" that no imprisonment will be imposed. Rule 1(c). No such determination was made by the magistrate in the case before us prior to trial. The government argues, nonetheless, that by proceeding by citation they were admitting the offense was petty and that no imprisonment could be imposed. We must reject this argument out of hand. Rule 1(c) places the responsibility of making the determination whether imprisonment will be imposed on the magistrate, not the prosecuting attorney. We cannot permit the government to usurp the magistrate's rule, by charging a defendant by way of citation in non-petty misdemeanor cases. Moreover, it is not for the prosecuting authorities to determine whether a particular defendant will receive a sentence of imprisonment. *See, e.g., Smith v. United States,* 670 F.2d 145, 147 (11th Cir.1982); *United States v. Henderson,* 565 F.2d 1119, 1120–21 (9th Cir.1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

Finally, the government asserts that there has been no prejudice to defendant. Rojo's conviction belies this contention. Although the punishment falls within the parameters of a petty offense, the record shows a conviction for a more serious offense.

## II. *Adequacy of the Citation*

Next, we address Rojo's contention that the citation failed to adequately advise him of the pending charges. The sixth amendment of the United States Constitution provides in relevant part: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." Charging documents are tested by whether they "'sufficiently apprise[] the defendant of what he must be prepared to meet.'" *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962) (citations omitted). The requirement that a charging document must furnish a defendant with a sufficient description of the charge against him has long been recognized to serve a dual function, namely (1) to enable the defendant to adequately prepare his defense and (2) to enable him to plead double jeopardy against a second prosecution. *United States v. Buckley,* 689 F.2d 893, 896 n. 3 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983).

The citation in the case at bar fails to provide sufficient notice of the elements and facts of the pending charges. The government does not dispute that the copy of the citation issued to Rojo contains only the words "Title 18, Section 641." There is not even a cursory reference to any act allegedly committed or to any other facts, such as date, time or location. *See, e.g., United States v. Christopher,* 700 F.2d 1253, 1257 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *United States v. Groff,* 643 F.2d 396, 402 (6th Cir.), *cert. denied,* 454 U.S. 828, 102 S.Ct. 121, 70 L.Ed.2d 103 (1981). Furthermore, it is noteworthy that 18 U.S.C. § 641 sets out several possible violations. The citation did not inform Rojo which of these violations he allegedly committed and he should not have to speculate in this regard. *United States v. Rohrer,* 708 F.2d 429, 435 n. 7 (9th Cir.1983).

In view of the above factors, the court rejects the government's argument that Rojo knew the nature and cause of the

accusation, because he could look up 18 U.S.C. § 641.[3] We hold, therefore, that the citation was constitutionally defective.

For all of the foregoing reasons, appellant's judgment of conviction is VACATED.

3. We also decline to adopt the government's position, because it presumes Rojo's knowledge of the facts charged and thereby also presumes his guilt. In any case, particular scrutiny of the charging document is required, because appellant should not have been charged by way of citation.