UNITED STATES of America,
Plaintiff-Appellee,

v.

John BROERS, Defendant-Appellant.

No. 85–3036.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 1985.*

Decided Nov. 21, 1985.

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff-appellee.

C. Mark Hash, Hash, Jellison, O'Brien & Bartlett, Kalispell, Mont., for defendant-appellant.

Before JAMES R. BROWNING, KENNEDY, and HUG, Circuit Judges.

PER CURIAM:

The defendant, John Broers, was found guilty of selling his services as a hunting guide in a national forest without a permit, in violation of 36 C.F.R. § 261.10(c), a regulation promulgated pursuant to 16 U.S.C. § 551 (1982) (rules protecting national forests). At Broers' trial before a magistrate, the government was represented by a Special Agent of the United States Forest Service who was not an attorney. Broers argues that prosecution by a non-attorney violated his due process rights because it necessarily implicated the impartiality of the magistrate, who, Broers contends, improperly aided the lay advocate in prosecuting the government's case.

Although this circuit has never addressed the issue, other courts have held that due process is violated when the judge in a criminal trial conducts the prosecution himself. In *Figueroa Ruiz v. Delgado*, 359 F.2d 718 (1st Cir.1966), for example, the court struck down a procedure in Puerto Rico under which the judge conducted the entire prosecution and no prosecutor was even present at trial. Similarly, in *United States v. James*, 440 F.Supp. 1137 (D.Md. 1977), the court reversed the defendant's conviction where the defendant contended that the magistrate, despite the presence of a prosecutor, had chosen to conduct the prosecution himself.

 In the present case, however, unlike *Figueroa Ruiz* and *James*, the government's case was prosecuted not by the magistrate but by the lay prosecutor.

* The panel was unanimously of the opinion that oral argument was not required in this case.

Fed.R.App.P. 34(a).

There is no showing that the magistrate took an active role in the prosecution. To the contrary, Broers alleges merely that on a single occasion the magistrate rephrased one of the prosecutor's questions so as to satisfy the rules of evidence. Such insignificant conduct on the part of the magistrate does not give rise to a due process claim. We hold that in a prosecution for a petty offense, 18 U.S.C. § 1(3) (1982) (defining petty offenses), where the judge neither conducts nor actively guides the prosecution, the fact that the government's advocate is not an attorney does not in and of itself implicate due process. *See United States v. Glover*, 381 F.Supp. 1139, 1145–46 (D.Md.1974) (affirming conviction even though Air Force sergeant, not an attorney, conducted prosecution).

The defendant's other contentions are meritless.

The judgment of the district court is AFFIRMED.