UNITED STATES of America,
Plaintiff/Appellee,

v.

Duane DOWNIN, Defendant/Appellant.

No. CR. S–94–315 LKK.

United States District Court,
E.D. California.

May 9, 1995.

Lisa C. Ridge, Asst. U.S. Atty., Sacramento, CA, for plaintiff.

Mary M. French, Asst. Federal Defender, Sacramento, CA, for defendant.

### ORDER

KARLTON, Chief Judge Emeritus.

This matter is before the court on appeal from a conviction by the magistrate judge. The magistrate judge had jurisdiction over the misdemeanor offense under 18 U.S.C. § 3401, and this court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402. For the reasons explained below, the judgment is reversed.

### I.

### *FACTS*

Appellant was convicted in Redding, California, on June 16, 1994, of violating 36 C.F.R. § 261.6.(e), which prohibits hauling untagged timber. Appellant was stopped by a Forest Service agent on March 13, 1994, while driving his pickup truck in the Humbug area of the Klamath National Forest. Appellant had a valid woodcutting permit, but his load was not tagged as required by law and specified in the permit. Appellant told the officer that he was not finished loading his truck. At trial, the officer testified that the truck was full, and Appellant's passenger testified that there was empty space at the back of the bed although wood was stacked "to the top of the racks." Tr. 13:9–14, 26:17–19.[1]

At arraignment, the magistrate judge informed Appellant of the maximum penalties of six months imprisonment and a $5,000 fine. Appellant was also informed that the Government sought a $200 fine and one year probation. The magistrate judge advised

Appellant that he was not entitled to appointed counsel on the basis of "what the government's seeking." Arraignment Tr. 6:10–14 (May 17, 1994).

At the court trial, Appellant represented himself and the Government was represented by Richard Coots, a Forest Service officer. Because Appellant cannot read, his wife was permitted to assist him at trial, but she was not permitted to speak on his behalf.

During Appellant's cross-examination of the arresting officer, Appellant asked whether Officer Smith had threatened to impound his truck. The officer testified that he did not recall making such a statement, but that he could properly have impounded the vehicle because Appellant was driving on a suspended license. The magistrate judge asked Officer Smith about the nature of the license suspension, which had resulted from a drunk driving conviction. Appellant's wife objected to the magistrate's questions about the conviction. The magistrate stated that it was irrelevant to the charges before him, but that he wanted the information to "give[ ] me a fuller understanding as to what's going on, the circumstances as to what's going on." Tr. 20:13–21:25. There was brief discussion of the nature and status of the license suspension and DUI case. The matter was not raised again by any party or the magistrate judge.

Appellant was found guilty and sentenced to two years informal probation and a fine. Tr. 39:17–40:11. Appellant argues that his conviction is invalid because (1) he was denied appointed counsel; (2) the court improperly admitted irrelevant and prejudicial evidence regarding the DUI conviction; and (3) the Government was represented at trial by a non-attorney.

### II.

### *STANDARDS*

■ The issues raised on appeal are questions of law, subject to *de novo* review. *See United States v. Robinson,* 913 F.2d 712, 714

---

1. Unless otherwise indicated, references to the Transcript of Proceedings ("Tr.") are to the trial transcript of June 16, 1994.

(9th Cir.1990), *cert. denied*, 498 U.S. 1104, 111 S.Ct. 1006, 112 L.Ed.2d 1089 (1991) (right to counsel); *United States v. Sanchez–Robles*, 927 F.2d 1070, 1077 (9th Cir.1991) (admissibility of evidence).

### III.

### *APPOINTMENT OF COUNSEL*

██ Both the Sixth Amendment and Fed.R.Crim.P. 44(a) guarantee the right to counsel in criminal proceedings. *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir.1979). Despite the uncompromising language of the Amendment,[2] the High Court has held that right does not extend to all state misdemeanor and petty offenses. *See Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012–13, 32 L.Ed.2d 530 (1972) (recognizing limited right to counsel under Sixth Amendment in state misdemeanor cases). The applicability of the federal rules is also limited·in the case of certain petty offenses. *See* Fed.R.Crim.P. 58(a)(2). ·This appeal raises two ·serious questions of law that are unresolved in this circuit:[3] (1) whether the Sixth Amendment right to counsel in federal court is limited by the rule announced in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); and (2) whether the right to counsel provided by the federal rules is co-extensive with the Sixth Amendment.

██ In *Scott*, the Supreme Court held that appointed counsel is constitutionally required in state misdemeanor cases only when a sentence of imprisonment is actually imposed. 440 U.S. at 373, 99 S.Ct. at 1161–62. Under this rule, the denial of appointed counsel limits the permissible sentence for a misdemeanor, but the authorized potential sentence does not determine whether the right to counsel arises. *Id.; see also Argersinger*, 407 U.S. at 40, 92 S.Ct. at 2014. In the present case, no sentence of imprisonment

was ultimately imposed. Accordingly, if the *Scott* limitation applies, the denial of appointed counsel in the case at bar did not violate Appellant's constitutional rights.

Appellant relies on a 1983 decision by a member of this court, which holds that *Scott* does not apply to federal misdemeanors. *United States v. Ramirez*, 555 F.Supp. 736 (E.D.Cal.1983). *Ramirez* concludes that the right to appointed counsel exists in federal court whenever a sentence of imprisonment is authorized, unless the judge states on the record, before trial, that such a sentence will not be imposed. *Id.* at 741. Appellant argues that his conviction is invalid because the magistrate judge advised him that he was ineligible for a court-appointed attorney, without explicitly stating on the record that he had determined not to impose jail time in the event of conviction.[4]

██ Neither the Ninth Circuit nor the Supreme Court has squarely addressed the question whether *Scott* applies to federal misdemeanors. *Ramirez* bases its holding on the implicit premise that *Scott* defines only those elements of the Sixth Amendment which are applicable to state proceedings under the fundamental fairness doctrine, rather than the full scope of the Amendment as it applies directly in federal courts and to the states by selective incorporation. *See Ramirez*, 555 F.Supp. at 739–40; *United States v. Reilley*, 948 F.2d 648, 652–53 (10th Cir.1991) (discussing application of Sixth Amendment to the states via the Fourteenth Amendment, and disagreeing with *Ramirez* on the merits).

The Tenth Circuit, the only court of appeals to have directly addressed the question, concludes that *Scott* defines the scope of the Sixth Amendment right to counsel for federal court and selective incorporation purposes. *Reilley*, 948 F.2d at 653. I cannot agree that the language of *Scott* requires this conclusion. · *See Scott*, 440 U.S. at 372, 99 S.Ct. at

---

**2.** The Sixth Amendment commands, in ·pertinent part, that·"[i]n all criminal prosecutions the accused shall enjoy the right to ... have the assistance of counsel for his defense."

**3.** ·Indeed, the issues appear never to have been raised before the Ninth Circuit.

**4.** While the opinion of another judge of this court is not binding upon me, both considerations of orderliness· and my respect for the opinions of my colleague, *see Rodriquez v. Bowen*, 678 F.Supp. 1456, 1458 (E.D.Cal.1988), suggest great caution must be exercised before departing from Judge Schwartz's opinion.

1161 (expressing concern about extension of Sixth Amendment rights in state proceedings). *Scott*'s express concern with the application of federal constitutional requirements in the state context implicates fundamental fairness analysis. Read as a fundamental fairness case, *Scott* does not mark the outer limit of the Sixth Amendment in federal court.

The question remains open in this circuit. Although the Ninth Circuit has cited *Scott* generically as a Sixth Amendment rule, it has done so only in the context of uncounselled state convictions and their federal consequences. *See, e.g., United States v. Quemado*, 26 F.3d 920, 923 (9th Cir.1994). Such citation neither asks nor answers the question whether the Sixth Amendment right to counsel applicable to the states is the same as that applicable in federal court.[5] Similarly, the court's holding that an uncounselled federal misdemeanor conviction cannot support subsequent imprisonment for probation violation does not address the constitutional standards applicable in the underlying proceeding. *United States v. Foster*, 904 F.2d 20, 21 (9th Cir.1990).[6]

■ Because no binding authority governs the constitutional question, and because this court has a duty to avoid constitutional questions where statutory resolution is available, *see Hagans v. Lavine*, 415 U.S. 528, 549, 94 S.Ct. 1372, 1385, 39 L.Ed.2d 577 (1974), I turn to Appellant's alternative argument that the denial of counsel in his case violated the Federal Rules of Criminal Procedure.

The Ninth Circuit has suggested in dicta that Fed.R.Crim.P. 44(a) creates a right to counsel independent of the Sixth Amendment. *Leavitt*, 608 F.2d at 1293. Congress is, of course, free to establish legal standards higher than the constitutional minima. The question is whether the federal rules do so.

■ Rule 44(a) provides that "[e]very defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings." Rule 58(a)(2), which governs trial of misdemeanor and petty offenses, limits the applicability of Rule 44 "in proceedings concerning petty offenses for which no sentence of imprisonment will be imposed."[7] The term "petty offense for which no sentence of imprisonment will be imposed" means any petty offense as to which "the court determines that, in the event of a conviction, no sentence of imprisonment will actually be imposed." Rule 58(a)(3). Accordingly, Rule 44(a)'s guarantee of appointed counsel applies to all misdemeanors except those petty offenses in which a pretrial determination is made by the judge to exclude incarceration from the range of potential sentences. *See United States v. Rojo*, 727 F.2d 1415, 1418 (9th Cir.1983) (interpreting identical language from Rule 58's predecessor, the Rules of Procedure of the Trial of Misdemeanors before United States Magistrates).

■ The Tenth Circuit has held that the right to counsel under the federal rules is limited by the current state of Sixth Amendment doctrine, including *Scott*. *Reilley*, 948 F.2d at 652.[8] I find the reasoning of *Reilley*

---

5. For the same reason, the Supreme Court's recent affirmation of *Scott* as defining the outer limits of the Sixth Amendment for state court purposes does not resolve the question presented here. *See Nichols v. United States*, — U.S. —, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).

6. *Foster*, like the case at bar, involved an underlying conviction for a petty offense in a national forest. The district court declined to appoint counsel, apparently because the Government advised the court that it would not seek jail time if the defendant were convicted. *Foster*, 904 F.2d at 20. The original denial of counsel was not the issue on appeal, and the court did not address the application of *Scott*. It is unclear from the appellate decision whether the judge announced on the record his own pre-trial determination, on

the basis of the prosecution's position, not to impose a sentence of imprisonment. Accordingly, *Foster* does not resolve the issue presented here.

7. The Rule provides:

"In proceedings concerning petty offenses for which no sentence of imprisonment will be imposed the court may follow such provisions of these rules as it deems appropriate, to the extent not inconsistent with this rule. In all other proceedings the other rules govern except as specifically provided in this rule."

8. As noted above, the Ninth Circuit has addressed the question only in dicta. The court's independent research has identified no other appellate cases resolving the matter.

unpersuasive on this point. The court relies on a 1940 advisory committee note to Rule 44 and on an advisory committee note to the now-superseded Magistrate Rules. *See Reilley,* 948 F.2d at 651, 653 n. 8. Reliance on this legislative history appears to be inappropriate here, where the language of the rule is quite plain. *See Rojo,* 727 F.2d at 1418 (construing plain meaning of the language at issue).

■ The Supreme Court teaches that advisory committee notes are "of weight" in the construction of the federal rules, but are not determinative. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988). Accordingly, they should be relied upon only where there is an ambiguity in the text of the rule which necessitates resort to extrinsic aids. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 n. 9 (9th Cir.1986) (advisory committee notes guide interpretation of ambiguous rules); *see also Tello v. McMahon,* 677 F.Supp. 1436, 1441 (E.D.Cal.1988) (principles of statutory construction generally). Although it has been said that the advisory committee notes more accurately reflect actual congressional intent and are thus entitled to greater weight than other forms of legislative history, *see United States v. Anderson,* 942 F.2d 606, 611 (9th Cir.1991), they remain extrinsic sources. Where the language of a rule is unambiguous, it is conclusive, and resort to such extrinsic sources is unnecessary since construction is unnecessary. *See Tello,* 677 F.Supp. at 1441.

■ Rule 58(a)(3) defines those petty offenses exempted from general application of the other rules (including Rule 44) as those "as to which the court determines, that, in the event of conviction, no sentence of imprisonment will actually be imposed." The plain language requires a prospective pretrial decision by the presiding judge that imprisonment will not be considered among the authorized sentences. *See Rojo,* 727 F.2d at 1418; *Ramirez,* 555 F.Supp. at 740.

This congressional limitation on the otherwise absolute right to counsel provided by Rule 44(a) controls here, whether or not *Scott* defines the constitutional minimum.

■ The record does not support a conclusion that the magistrate judge made a pre-trial determination that no sentence of imprisonment would be imposed. The magistrate's representation that Appellant was not entitled to appointed counsel because of "what the government's seeking" fails to bring the case within the scope of Rule 58(a)(3). *See Rojo,* 727 F.2d at 1418 (the rule places the responsibility of making the determination on the magistrate, not the prosecutor).⁹ Accordingly, Rule 44(a) applied, and Appellant was entitled to appointed counsel. *See Leavitt,* 608 F.2d at 1293.

■ Denial of counsel in violation of the Sixth Amendment requires reversal of a conviction. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *United States v. Lane,* 474 U.S. 438, 461 n. 2, 106 S.Ct. 725, 738 n. 2, 88 L.Ed.2d 814 (1986) (Brennan, J., concurring in part and dissenting in part) (listing those constitutional violations not susceptible to harmless error analysis). Even if the violation of Rule 44(a) in this case does not rise to the level of constitutional error, and is accordingly subject to the harmless error standard, I conclude that reversal is required. *See* Rule 52(a); *Lane,* 474 U.S. at 449, 106 S.Ct. at 732 (harmless error analysis applies to violations of rules affecting substantial rights).

■ Error cannot be deemed harmless where its prejudicial effect is impossible to measure with precision. *Lane,* 474 U.S. at 474, 106 S.Ct. at 744–45 (Powell, J., concurring in part and dissenting in part). Rule 44(a) requires counsel "at every stage of the proceedings." Harmless error analysis focuses on the effect of error on the verdict. *Kotteakos v. United States,* 328 U.S. 750, 765, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946). The denial of counsel at every stage

---

9. The Government urges that the magistrate judge's comments be construed as reflecting an "implicit" determination that he would follow the recommendation and decline to impose a sentence of imprisonment. I cannot agree.

Whatever may have been the intent, the words used denote that it is the prosecutor's decision which guides sentencing and thus the availability of counsel.

of the proceedings makes it impossible to assess whether the outcome was influenced, because there is no way of knowing how the trial might have gone differently with the participation of defense counsel. Because such error therefore cannot be said to be harmless, reversal is required.

## IV.

### ADMISSION OF THE DRUNK DRIVING PRIOR [10]

Appellant argues that the magistrate judge improperly admitted evidence of his prior conviction for driving under the influence ("DUI").[11] Evidence of prior bad acts is not admissible to prove bad character or propensity. *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir.1993). Such evidence is admissible only for limited purposes not present in this case. *See United States v. Garcia–Orozco*, 997 F.2d 1302, 1304 (9th Cir.1993). Appellant's prior DUI conviction was patently irrelevant to the merits of the timber tagging charge, as the magistrate judge acknowledged on the record. Moreover, evidence regarding an alcohol-related offense has inherent prejudicial value.

The magistrate judge justified his inquiries regarding the DUI conviction by explaining that he wanted to "understand the circumstances" of Appellant's stop and arrest. The rationale is insufficient. Neither the stop nor the arrest rested upon the prior conviction.

Improper admission of prejudicial evidence of prior bad acts is subject to harmless error review. *United States v. Brown*, 880 F.2d 1012, 1016 (9th Cir.1989). I need not resolve that question, however, since I

have already concluded that reversal is required.

## V.

### GOVERNMENT REPRESENTATION BY A NON–ATTORNEY

Appellant argues that his conviction is invalid because the Government was represented at trial by Officer Coots, a forestry agent who is not an attorney. Appellant claims that such representation violates his rights protected by the due process clause and this court's Local Rule 180(b). Neither claim appears viable.

First, it is established in this circuit that the use of a lay prosecutor in a petty offense case does not inherently violate due process. *United States v. Broers*, 776 F.2d 1424, 1425 (9th Cir.1985). Appellant sought in his reply brief to distinguish *Broers* on the grounds that the magistrate judge in this case exceeded his judicial role by becoming actively involved in the prosecution's case. I cannot agree. Assuming, without deciding, that such conduct would take the case outside the *Broers'* rule, the record as a whole does not support the contention.[12] Appellant's second contention does not fare any better.

It is true that Local Rule 180(b) provides, with certain exceptions not relevant here, that only members of the Bar of the Eastern District may appear in the courts of the Eastern District, and that ordinarily membership in this court's bar requires membership in the State Bar of California. Assuming that the local rule defines the process due in this court when the Government seeks to

---

10. Although reversal is required on the first grounds presented, I address Appellant's alternative arguments because they may arise on retrial.

11. For purposes of analysis, I assume without deciding that the objection stated by Appellant's wife was sufficient to preserve the issue for appeal. The Government does not argue that Appellant has waived his right to review by failing to object on his own behalf.

12. It is not clear that *Broers* teaches that government representation by a non-attorney rises to

the level of a due process violation when the judge takes his side; rather, it appears that such judicial conduct is independently improper and potentially violative of the due process clause. *See Broers*, 776 F.2d at 1424–25. If that is the case, Appellant's contention must be rejected for another reason. The stated basis of this appeal is the impropriety of a non-attorney representing the prosecution, not judicial misconduct. The former does not inherently constitute a due process violation, and the latter may not be raised for the first time on reply.

deprive a person of liberty or property,[13] Appellant has identified no injury from the violation. There is no suggestion on the record that the outcome of the trial was affected by the alleged error. Accordingly, any error in this regard must be considered harmless. *See Lane,* 474 U.S. at 449, 106 S.Ct. at 732.

## VI.

### *ORDER*

Accordingly, for all the reasons stated above, the conviction is REVERSED on the grounds that Appellant was denied his right to counsel.

IT IS SO ORDERED.

---

**13.** The historic reason for the local rule, namely, this court's reliance on the State Bar of California for discipline of members of its bar, suggests that the local rule is irrelevant to any interest of the defendants. Because Appellant has pointed to no prejudice, I need not resolve the issue of whether he has standing to raise the question.