**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHNNY M. LAWRENCE,

Defendant-Appellant.

No. 18-10071

D.C. No. 3:17-cv-00097-MMD-1

**MEMORANDUM**[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted February 11, 2019
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

On June 28, 2016, Johnny Lawrence received a citation for disorderly conduct in violation of 41 C.F.R. § 102-74.390 after threatening a Social Security Administration employee.  Magistrate Judge William G. Cobb found Lawrence guilty after a two day bench trial.  As authorized by 18 U.S.C. § 3402, Lawrence

---

[*]	This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appealed to the district court, which affirmed the conviction. On appeal before this court, Lawrence argues that 41 C.F.R. § 102-74.390 is void for vagueness and that he did not receive adequate notice of the charge against him. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the constitutionality of an agency's regulation, *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017), including whether a regulation is void for vagueness, *United States v. Szabo*, 760 F.3d 997, 1001 (9th Cir. 2014). We "review de novo the district court's interpretations of statutes and regulations." *Santiago v. Rumsfeld*, 425 F.3d 549, 556 n.5 (9th Cir. 2005). We review de novo the denial of a motion to dismiss a charging instrument. *See United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012).

Lawrence argues that 41 C.F.R. § 102-74.390 is void for vagueness both facially and as applied. That regulation, which is entitled "What is the policy concerning disturbances?," states:

> All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that-
>
> (a) Creates loud or unusual noise or a nuisance; (b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; (c) Otherwise impedes or disrupts the performance of official duties by Government employees; or (d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

*Id*. Lawrence's vagueness challenges presuppose that the regulation criminalizes "disorderly conduct" as an undefined offense and that subsections (a) through (d) define only the action of "exhibiting other conduct." In contrast, the government argues that subsections (a) through (d) of the regulation also define the term "disorderly conduct."

Under the doctrine of constitutional avoidance, we may adopt the government's interpretation if Lawrence's interpretation may render 41 C.F.R. § 102-74.390 unconstitutionally vague and we determine the government's interpretation to be reasonable. *United States v. Rumely*, 345 U.S. 41, 45 (1953) ("[T]he principle of constitutional adjudication [] makes it decisive in the choice of fair alternatives that one construction may raise serious constitutional questions avoided by another."). We hold that Lawrence's interpretation raises serious vagueness concerns, and that the government's interpretation is reasonable. "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Paroline v. United States*, 572 U.S. 434, 447 (2014) (citing *Porto Rico Railway, Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920)). Here, the disjunctive list of modifiers enumerated in subsections (a) through (d) are applicable to the three enumerated offenses of

3

"loitering," "disorderly conduct," and "other conduct."  Thus, under the doctrine of constitutional avoidance, we decline to embrace Lawrence's interpretation of 41 C.F.R. § 102-74.390.

Lawrence argues that he received constitutionally inadequate notice of the crime charged.  Because Lawrence was charged with a petty offense, his citation notice was a sufficient charging document under Fed. R. Crim. P. 58(b)(1) ("The trial of a petty offense may [] proceed on a citation or violation notice.").  However, Lawrence argues that the citation did not contain enough information to provide him with adequate notice of the charge against him.  In *United States v. Rojo*, 727 F.2d 1415 (9th Cir. 1983), we held that a citation "fail[ed] to provide sufficient notice of the elements and facts of the pending charges." *Id.* at 1418.  However, the citation in *Rojo* listed only the statute violated without specifying a relevant subsection and without including "any other facts, such as date, time or location." *Id*.  Here, the citation included the phrase "disorderly conduct" as well as the date, time, and location of the incident, and Lawrence received a "Statement of Probable Cause" prior to trial detailing the factual basis of the charge.  In the context of a petty offense, this information suffices for constitutionally adequate notice.

**AFFIRMED**.

4