**UNITED STATES of America, Appellee,**

v.

**George SULTANI, Appellant.**

**No. 82–5182.**

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1983.

Decided March 31, 1983.

---

Allen M. Lenchek, Upper Marlboro, Md., for appellant.

William Otis, Sp. Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Dennis E. Szybala, Asst. U.S. Atty., Alexandria, Va., Sanford Saunders, third year law student on brief), for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and ALDRICH,* Senior Circuit Judge.

* Honorable Bailey Aldrich, Senior United States Circuit Judge for the First Circuit, sitting by

**PER CURIAM:**

In a trial by a magistrate, defendant was found guilty of violating a traffic regulation applicable to Washington National Airport. He was not represented by counsel. His request for the appointment of counsel, supported by his assertion of indigency, was denied on the ground that it was unlikely that a jail sentence would be imposed in the event that defendant was found guilty. Upon finding him guilty, the magistrate sentenced the defendant to five days in jail with execution of the jail term suspended and with defendant placed on unsupervised probation for twelve months on condition that he not violate any federal motor vehicle laws during the probation period. Defendant appealed to the district court, and from its judgment adverse to him, he appeals to us.

Before us, defendant contends that he had a right to counsel because a jail sentence, the service of which was suspended, was imposed on him, that he did not waive his right to counsel, that the evidence was legally insufficient to support his conviction and that the charging documents failed to allege a violation of law on his part.

The sentence was imposed on January 6, 1982, and was fully served by the date on which this appeal was reached for argument. Defendant successfully completed the period of probation without further infraction of federal motor vehicle regulations, and so he is beyond the time that the jail sentence can be made active. We therefore dismiss his appeal as moot, because we perceive no subsequent collateral prejudice which defendant is suffering or will suffer and because he disclaims that the issue of his right to counsel is capable of repetition, yet evading review.

While we expressly decline to decide if the right to counsel attaches when a suspended jail sentence is imposed, it is

designation.

certainly clear that upon a violation of probation the jail sentence could not be made an active one when an indigent defendant had requested counsel and that claim was denied. It follows that the magistrates in this circuit should not impose even a suspended jail sentence in any case in which an unrepresented defendant has declined to waive his right to counsel.

APPEAL DISMISSED.