**UNITED STATES of America**

v.

**Lerone D. NASH.**

**Crim. A. No. 88–50073–01.**

United States District Court,
W.D. Louisiana,
Shreveport Division.

Jan. 20, 1989.

---

Joseph S. Cage, U.S. Atty., U.S. Dept. of Justice, and John S. Odom Jr., Sp. Asst. U.S. Atty., Shreveport, La., for U.S.

Richard C. Goorley, Keene & Goorley, Shreveport, La., for Lerone D. Nash.

## MEMORANDUM RULING

STAGG, Chief Judge.

Lerone D. Nash (hereinafter, "Nash") was arrested on July 26, 1987, at Barksdale Air Force Base and charged with a first offense violation of La.Rev.Stat. 14:98, *i.e.,* driving while intoxicated ("DWI"). DWI is made a federal offense by virtue of the Assimilative Crimes Act, 18 U.S.C. § 13. On August 27, 1987, Nash appeared before United States Magistrate James M. Barton and executed a written consent to proceed before a United States Magistrate in a petty offense case. Contemporaneous with the execution of that consent form, Nash also waived his right to trial by jury and his right to the attendance of appointed counsel.

The transcript of the proceedings before Magistrate Barton reveals that Nash appeared without counsel and was advised of his constitutional rights, including his right to have counsel present throughout the proceedings. Nash entered a plea of guilty. Although the transcript does reflect that petitioner made "no audible response" when asked whether he gave up the constitutional rights that had been discussed, the record is clear that he was given a full explanation of these rights and told that a guilty plea would waive them.

Nash was sentenced to pay a fine of $400 and a special assessment of $25 to the Crime Victims Fund. Additionally, he was sentenced to confinement for six months, the execution of which was suspended, and the defendant was placed on supervised probation for one year. The following conditions of probation were imposed by the court:

1. Nash was to perform community service as directed by the Probation Office for four 8–hour days;
2. He was to participate in a drug abuse treatment program for so long as the clinic or probation officer directed, with antabuse [sic] and urine surveillance, if indicated;
3. Nash was to complete an alcohol education and driver improvement program;
4. He was to obey all local, state and federal laws; and
5. Nash was to pay his total fine and assessment within the first 90 days of supervision.

On August 3, 1988, Nash's probation officer, James A. Gayle Jr., filed a petition for probation action against Nash, alleging violations of the conditions of his probation as follows:

1. Nash failed to attend the alcohol, education and driver improvement program;
2. Nash paid only $125 of the $425 fine;
3. Nash was dismissed from the community organization for drug abuse concerns for failure to appear at counseling sessions, failure to submit urine samples as required, and for submitting positive urine samples for alcohol and cocaine; and
4. Nash failed to make monthly supervision reports as required by the court.

A warrant was issued for Nash's arrest and Richard C. Goorley, attorney at law, was appointed to represent Nash.

A hearing was held on September 2, 1988, before United States Magistrate Roy S. Payne on the probation revocation action. Pursuant to Fed.R.Crim.P. 32.1(a)(2), the defendant waived the separate revocation hearing, and evidence was presented by both the government and Nash.

Following completion of the evidence, the court ruled that the defendant had failed to comply with the terms of his probation and ordered the suspension of the original six-month sentence imposed on August 27, 1987 set aside and committed Nash to the custody of the Attorney General for a period of 90 days. Execution of the sentence was stayed, pursuant to Rule 7(c) of the Rules of Procedure for the Trial of Misde-

meanors before United States Magistrates, pending this appeal.

Nash filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on September 1, 1988. In his motion, Nash argues that the magistrate improperly accepted his plea of guilty because he was neither "Boykinized" nor was he informed of his right to counsel. The Report and Recommendation of United States Magistrate Roy S. Payne was issued on September 8, 1988, recommending that Nash's motion be denied. A notice of appeal to the United States District Judge from the Judgment of the United States Magistrate was filed on September 9, 1988. Because the issues raised by Nash on appeal and in his Section 2255 petition are identical, the court will address them at the same time herein.

## ANALYSIS OF LAW AND FACTS:

■ The first issue before the court is whether the magistrate's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure renders Nash's plea of guilty null and void. It is undisputed that the requirements of Rule 11 and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) were not followed by the magistrate. Rule 1(b) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates provides:

> Except as specifically provided by these rules, the Federal Rules of Criminal Procedure govern all proceedings except those concerning petty offenses for which no sentence of imprisonment will be imposed. Proceedings concerning petty offenses for which no sentence of imprisonment will be imposed are not governed by the Federal Rules of Criminal Procedure, except as specifically provided herein or by these rules. However, to the extent that they are not inconsistent with these rules, a magistrate may follow such provisions of the Federal Rules of Criminal Procedure as he deems appropriate.

In his brief, Nash contends that the above-cited rule is not applicable to this proceeding because he faced a mandatory jail sentence under Louisiana law. Nash contends that La.Rev.Stat. 14:98 has a mandatory confinement provision for DWI first offenders. However, the statute has no such provision. Rather, the statute states that the minimum jail sentence of 10 days can be suspended if either: (1) the offender is placed on probation with a minimum condition that he serve two days in jail and participate in a court-approved substance abuse program and participate in a court-approved driver improvement program; or (2) the offender is placed on probation with a minimum condition that he perform four 8–hour days of court-approved community service activities, participate in a court-approved substance abuse program and participate in a court-approved driver improvement program. Thus, the Louisiana DWI statute meets the definition in Rule 1(c) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates which defines "petty offenses for which no sentence of imprisonment will be imposed" as "any petty offense[ ], regardless of the penalty authorized by law, as to which the magistrate determines that, in the event of conviction, no sentence of imprisonment will actually be imposed in the particular case." Nash's argument, then, that Fed.R.Crim.P. 11 applies flies in the face of the literal language of Rule 1(b).

Nash's additional argument that the four 8–hour days of community service constitute the equivalent of a jail sentence because the individual's freedom is restricted is unpersuasive. No authority is cited for such a proposition, and the court rejects it. Nash's argument would force this court to conclude that any court order requiring a defendant to pay a fine, visit a probation officer, or attend a driver improvement course is the equivalent of a term of imprisonment since the defendant's freedom has been impaired. In this case, the magistrate decided, in advance, not to impose a sentence of imprisonment upon Nash's conviction. Indeed, the court's routine practice was to order a suspended sentence with community service as an alternative to actual jail time. Thus, the scenario falls squarely within Misdemeanor Rule 1(b), and Rule 11 of the Federal Rules of Criminal Procedure was inapplicable. Instead,

Rule 3(b) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates provides the applicable rule:

> No plea of guilty ... to a petty offense for which no sentence of imprisonment will be imposed shall be accepted unless the magistrate is satisfied that the defendant understands the nature of the charge and the maximum possible penalty provided by law.

After an independent review of the transcript of the proceedings held before the magistrate, the court finds that the defendant understood the nature of the charge and the maximum penalty provided by law. Accordingly, Nash's contention that his guilty plea is invalid because the magistrate failed to comply with Fed.R.Crim.P. 11 is without merit.

Nash's second, and more serious, contention involves the issue of whether counsel should have been provided. Fed.R. Crim.P. 44(a) provides:

> Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings from initial appearance before the federal magistrate or the court through appeal, unless that defendant waives such appointment.

However, as mentioned herein, the Federal Rules of Criminal Procedure do not apply to petty offenses for which no sentence of imprisonment will be imposed. The Misdemeanor Rules do not require appointment of counsel. However, in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Court held that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel. *Id.*, 92 S.Ct. at 2012. This rule was further clarified by the Supreme Court in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). *Scott* makes it clear that "actual imprisonment" is the constitutional line defining an accused's right to counsel. *Id.*, 99 S.Ct. at 1162. Thus, the United States Constitution and the Misdemeanor Rules do not contemplate appointment of counsel in petty offense cases where no imprisonment will actually be imposed.

As mentioned earlier, the magistrate clearly determined that supervised probation would be substituted for a term of imprisonment. Because the instant case involves a petty offense, *Landry v. Hoepffner*, 840 F.2d 1201, 1205 (5th Cir.1988) (*en banc*), for which no term of imprisonment was imposed, *Scott v. Illinois, supra*, Nash was not entitled to appointed counsel when the guilty plea was entered.

It is important to note that Nash has not been sentenced to confinement on the DWI charge; instead, his failure to follow the rules of his probation resulted in his 90-day sentence. The court agrees with the magistrate's contention that the possibility of imprisonment upon revocation of probation is not sufficient to require appointment of counsel at the initial proceedings. This court must retain the authority to enforce compliance with the terms of a period of probation. Even if the only punishment a defendant receives is a fine, the court must reserve the ability to imprison a defendant who refuses, without just cause, to pay his fine. Since the term of imprisonment in this case resulted not from the original charge, but rather from Nash's violation of the terms of his probation, appointment of counsel was unnecessary.

Accordingly, Nash's underlying conviction is not constitutionally infirm, and the decision by the magistrate to revoke Nash's probation and sentence him to a term of imprisonment is correct. The decision of the magistrate is, therefore, AFFIRMED, and Nash's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED.