**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Gerald Dee FOSTER,**
**Defendant/Appellant.**

No. 89–30102.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1990.

Decided May 25, 1990.

Robert E. Kinney, Orofino, Idaho, for defendant, appellant.

Maurice O. Ellsworth, U.S. Atty., and Joanne P. Rodriquez, Asst. U.S. Atty., Boise, Idaho, for plaintiff, appellee.

Before WALLACE, SKOPIL, and BRUNETTI, Circuit Judges.

SKOPIL, Circuit Judge:

We must determine in this appeal whether a defendant who is denied representation of counsel at trial may be later sentenced to a term of imprisonment following revocation of probation. We conclude in this case that imprisonment cannot be imposed. We vacate the sentence and remand.

I

Gerald Dee Foster was charged with committing petty offenses in a national forest in violation of 16 U.S.C. § 551 (1988). Such offenses may be "punished by a fine of not more than $500 or imprisonment for not more than six months, or both." 16 U.S.C. § 551.

Prior to trial, Foster sought an appointment of counsel. The district court declined to appoint counsel, apparently because the government advised the court that it would not request jail time if Foster was convicted.

Following Foster's conviction, the court suspended imposition of sentence and

placed Foster on probation. His probation was subject to certain conditions including the performance of maintenance work in the national forest. Foster failed to satisfy the conditions of his probation. The district court commenced probation violation proceedings and appointed counsel for Foster. After a hearing the district court revoked Foster's probation and sentenced him to six months' imprisonment.

## II

The Supreme Court has held that "no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). The government contends, however, that Foster was imprisoned not for his violations of section 551 but rather because he failed to satisfy the conditions of probation. The government points out that Foster was properly provided counsel for the probation revocation proceeding. *See Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967). Foster's violation of probation, the government argues, is a separate offense which allows the district court to sentence anew.

■ We reject the government's argument. When imposition of sentence has been suspended and probation has been revoked, the court may impose only the sentence it originally might have imposed. *United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir.1980). Thus, when probation is revoked, "the case reverts to its status at the time probation was granted." *Roberts v. United States*, 320 U.S. 264, 271, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943). Since imprisonment could not have been imposed on Foster at the conclusion of his trial, *see Argersinger*, 407 U.S. at 37, 92 S.Ct. at 2012, imprisonment could not be imposed on Foster following revocation of his probation, *see Roberts*, 320 U.S. at 271, 64 S.Ct. at 117; *McDonald*, 611 F.2d at 1295.[1]

The government relies on *United States v. Nash*, 703 F.Supp. 507 (W.D.La.), *aff'd*, 886 F.2d 1312 (5th Cir.1989) (table). In that case, the district court held that the possibility of imprisonment upon revocation of probation "is not sufficient to require appointment of counsel at the initial proceedings." *Id.* at 510. The court reasoned that it must retain the authority to enforce compliance with the terms of a probation. "Even if the only punishment a defendant receives is a fine, the court must reserve the ability to imprison a defendant who refuses, without just. cause, to pay his fine." *Id.*

■ While we agree that a court must be able to enforce its lawful orders, we cannot agree with *Nash* that imprisonment may be imposed for violations of probation when the defendant was denied assistance of counsel at the initial trial. *See United States v. Sultani*, 704 F.2d 132, 133–34 (4th Cir.1983) (per curiam) ("it is certainly clear that upon a violation of probation the jail sentence could not be made an active one when an indigent defendant had requested counsel and that claim was denied"); *United States v. Ramirez*, 555 F.Supp. 736, 739 n. 1 (E.D.Cal.1983) ("it is undoubtedly true ... that if imprisonment could not have been imposed in the first instance (because of failure to offer appointed counsel) it also cannot be imposed for a violation of probation"). We conclude that if a court wishes to retain its powers to imprison a recalci-

---

1. Both *Roberts* and *McDonald* relied upon statutory authority providing that when a defendant's probation is revoked, the sentencing court "may impose any sentence which might originally have been imposed." *Roberts*, 320 U.S. at 266 n. 2, 64 S.Ct. at 114 n. 2 (citing 18 U.S.C. § 725); *McDonald*, 611 F.2d at 1295 (citing 18 U.S.C. § 3653). Here, two of Foster's criminal acts were committed when section 3653 was in effect. Clearly, *McDonald* applies as to imposition of sentence on those counts. Foster's third crime, however, occurred after section 3653 was repealed and replaced by 18 U.S.C. § 3565. Section 3565 provides in relevant part that when a sentence of probation is revoked, the court may "impose any other sentence that was available ... at the time of the initial sentencing." This language is not significantly different from the language found in the predecessor statutes analyzed in *Roberts* and *McDonald*. Accordingly, we conclude that we may extend the holdings of *Roberts* and *McDonald* to sentencing under section 3565.

trant probationer, it must simply afford the defendant counsel during all critical stages of the criminal proceedings. *See United States v. Bohn*, 890 F.2d 1079, 1080 (9th Cir.1989) (right to counsel extends to all critical stages of criminal proceedings). We expressly limit our conclusion to the situation before us and do not decide whether a court may possess other supervisory powers, such as contempt, to punish noncompliance with conditions of probation. *See United States v. Interstate Cigar Co.*, 801 F.2d 555, 558 (1st Cir.1986) (expressing doubt that court has such contempt powers but expressly declining to decide).

The district court's imposition of a term of imprisonment is VACATED and the case is REMANDED for further proceedings.