UNITED STATES of America,
Plaintiff/Appellee,

v.

Patrick M. REILLEY,
Defendant/Appellant.

No. 90–8084.

United States Court of Appeals,
Tenth Circuit.

Oct. 28, 1991.

Karen Jean Budd, of Dray, Madison & Thomson, Cheyenne, Wyo., for defendant/appellant.

Richard A. Stacy, U.S. Atty., and Aleksander D. Radich, Asst. U.S. Atty., Cheyenne, Wyo., for plaintiff/appellee.

Before SEYMOUR and EBEL, Circuit Judges, and MATSCH, District Judge.*

EBEL, Circuit Judge.

In this case we are faced with three questions regarding the scope of a criminal defendant's right to court-appointed counsel: First, is the scope of Federal Rule of Criminal Procedure 44(a) coextensive with that of the Sixth Amendment right to counsel? Second, does *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979), which limits the Sixth Amendment right to counsel in state petty offense trials to cases where the defendant is "sentenced to a term of imprisonment," impose a similar limit in federal petty offense trials? And third, does a sentence of incarceration that is conditionally suspended satisfy *Scott*'s "sentenced to a term of imprisonment" requirement? We answer all of these questions in the affirmative.[1]

---

* The Honorable Richard P. Matsch, United States District Judge for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

## FACTS

■ The Defendant, Patrick M. Reilley ("Reilley"), was charged with leaving property unattended in a national park for longer than twenty-four hours in an undesignated area. 36 C.F.R. § 2.22(a)(2). This offense is punishable by imprisonment not exceeding six months, a fine not exceeding $500, or both. 36 C.F.R. § 1.3(a). He was tried in the United States District Court for the District of Wyoming. The district court denied his request for appointed counsel, despite his offer of proof regarding his indigence.[2] The court then proceeded to find him guilty and sentenced him to thirty days imprisonment and a $500 fine. His sentence was suspended, however, on the condition that he pay $100 of the fine.[3] Reilley now appeals that conviction and sentence as violative of his right to counsel under the Sixth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 44.

2. Whether Reilley was indigent was never determined, as the district court refused to receive evidence of his financial condition. Apparently, the court determined that he should have sold his car to pay for counsel. Trial Transcript (Tr.) at 5. Whether Reilley was actually indigent, however, is not relevant to this appeal. "The right to assignment of counsel is not limited to those financially unable to obtain counsel. If a defendant is able to compensate counsel but still cannot obtain counsel, he is entitled to the assignment of counsel even though not to free counsel." Fed.R.Crim.P. 44(a) advisory committee's note (1966).

Further, although the district court appears to place great weight on the fact that Reilley was told that he had a right to an attorney but did not sell his car and obtain counsel prior to the trial, Tr. at 5, the record indicates that Reilley did not knowingly and intelligently waive his right to counsel. See Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) (waiver must be "knowing and intelligent"). Reilley received his summons only five days before his trial. Hence, even if he was immediately informed of his right, his failure to sell his car and secure counsel within such a short time cannot be taken as a waiver. See Michigan v. Jackson, 475 U.S. 625, 633, 106 S.Ct. 1404, 1409, 89 L.Ed.2d 631 (1986) ("[W]e should 'indulge every reasonable presumption against waiver of fundamental constitutional rights.' For that reason, it is the State that has the burden of establishing a valid waiver.... Doubts must be resolved in favor of protecting the constitutional claim.") (citing, among other

## DISCUSSION

Reilley cites two authorities, each of which, on its face, appears to grant criminal defendants an absolute right to counsel. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the assistance of counsel for his defence." U.S. Const. amend. VI. Federal Rule of Criminal Procedure 44(a) grants to "[e]very [criminal] defendant who is unable to obtain counsel" the right "to have counsel assigned to represent that defendant at every stage of the proceedings...."[4]

■ Notwithstanding the apparently absolute language of the Sixth Amendment Counsel Clause, the Supreme Court has limited that right so as to exclude prosecutions for petty offenses for which the defendant is not "sentenced to a term of imprisonment." Scott, 440 U.S. at 374, 99

authorities, Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), a case on which Rule 44(a) was based). The nature of his responses to the court's inquiries on the matter suggest that Reilley had no intention of waiving his right to counsel, but simply did not understand the procedure for requesting court-appointed counsel.

3. It is not entirely clear from the record that the payment of $100 will suffice to suspend Reilley's jail sentence. The Judgment and Probation/Commitment Order (Doc. 6) states that the jail sentence shall be suspended simply upon payment of $100 of the fine; and the first section in the Order Suspending Jail Sentence (Doc. 4), bearing the same date, is in agreement. Id. at 1. The Order section of the latter document, however, appears to include the payment of two additional sums, costs (totaling $343.34, Doc. 9) and a $10 special assessment, as a condition for suspension of the jail term. Id. at 2.

4. Although it was once argued that the language of the Sixth Amendment granted only the right of non-indigents to have retained counsel present, rather than the right of indigents to have counsel assigned, the Court has long since declined to read such a limit into that language. Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938) ("if [the defendant] be poor, ... [he] may have counsel furnished him by the [government] ...") (quoting Patton v. United States, 281 U.S. 276, 308, 50 S.Ct. 253, 261, 74 L.Ed. 854 (1930)).

S.Ct. at 1162.[5]

The government claims that *Scott* precludes any constitutional right to counsel for Reilley, who has not actually been imprisoned. In response, Reilley makes, at least by implication, three arguments: First, he argues that he was entitled to counsel under Rule 44, even if not under the Sixth Amendment. Second, he contends that *Scott*, which dealt with a state defendant, does not restrict the Sixth Amendment rights of federal defendants. And third, he argues that even if *Scott* controls his rights in federal court, his sentence of imprisonment, although conditionally suspended, nevertheless satisfies *Scott's* requirement. We address each of these arguments in turn.

## I.

■ Reilley argues that he is entitled to counsel by virtue of Federal Rule of Criminal Procedure 44(a) irrespective of his Sixth Amendment right and that *Scott*, a Sixth Amendment case, does not limit his right under that Rule. A characterization of Rule 44's right to counsel as broader than that of the Sixth Amendment is enticing; such a characterization would preserve the absolute language of that Rule. However, we cannot find that the scope of Rule 44 extends beyond that of the Sixth Amendment.

Rule 44 "is a restatement of existing law in regard to the defendant's constitutional right of counsel as defined in recent judicial decisions." Fed.R.Crim.P. 44, advisory committee's note 1 (1944). While the cases cited by the Committee were decided long before *Scott*, we find no indication that the Committee intended Rule 44 to freeze the case law of the day.[6]

Although no cases appear to have held directly that Rule 44 is coextensive with the Sixth Amendment, several courts have treated it as such and, in extensive dicta, indicated support for this conclusion. *See, e.g., United States v. Moore*, 706 F.2d 538, 540 (5th Cir.) ("sixth amendment right to counsel [is] echoed in Rule 44"), *cert. denied*, 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *United States v. Posey*, 665 F.Supp. 848, 851 (C.D.Cal.1987) (Rule 44(a) "restates the defendant's constitutional right of counsel in criminal proceedings as defined by judicial interpretations of the sixth amendment"). Additionally, several scholarly authorities appear to support this position. *See, e.g.,* 9 *Fed. Proc.,* L.Ed. § 22:342 (1982) (Rule 44 "implements this [Sixth Amendment] right"); Annotation, *Accused's Right to Counsel under the Federal Constitution—Supreme Court Cases*, 2 L.Ed.2d 1644, 1645

---

**5.** *Scott* specifically rejected the "authorized imprisonment" standard adopted in the jury right cases. 440 U.S. at 371–72, 99 S.Ct. at 1161; *see Blanton v. City of North Las Vegas, Nevada*, 489 U.S. 538, 542–43, 109 S.Ct. 1289, 1292–93, 103 L.Ed.2d 550 (1989) (looking to length of authorized prison term to determine right to jury trial) (citing *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970)).

Although *Scott* involved a non-petty misdemeanor (one for which a jail term of six months or more is authorized, 18 U.S.C. §§ 19 & 3559), its holding clearly applies to petty offense prosecutions. Since Reilley was charged with a petty offense, we need not address the right to counsel in prosecutions for non-petty misdemeanors or felonies. We note, however, that the right to counsel appears to be absolute in felony cases. *See Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 256, 19 L.Ed.2d 336 (1967) ("there [is] an absolute right to appointment of counsel in felony cases"); *United States v. Decoster*, 624 F.2d 196, 201 (D.C.Cir.1976) (en banc) ("Today the Sixth Amendment requires that counsel be pro-

vided not only in all felony prosecutions, but also in all prosecutions for misdemeanors that result in imprisonment.") (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Scott*). Additionally, 18 U.S.C. § 3006A(a)(1)(A) now mandates the right to counsel for Class A misdemeanors (those other than petty offenses).

**6.** Further, as of 1944, the date of the Rule's adoption, it was not clear that the Sixth Amendment right to counsel extended to petty offenses. The cases cited by the Committee were limited to felonies. *E.g., Glasser v. United States*, 315 U.S. 60, 63, 62 S.Ct. 457, 461, 86 L.Ed. 680 (1942) (conspiracy to commit fraud); *Walker v. Johnston*, 312 U.S. 275, 279, 61 S.Ct. 574, 576, 85 L.Ed. 830 (1941) (armed robbery); *Johnson v. Zerbst*, 304 U.S. 458, 459, 58 S.Ct. 1019, 1019–20, 82 L.Ed. 1461 (1938) (counterfeiting). Only after *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972), did it become clear that the constitutional right to counsel extended to petty offenses.

(Rule 44 implements Sixth Amendment). We have found no authority for the proposition that the scope of Rule 44(a) extends beyond that of the Sixth Amendment.

Reilley cites *United States v. Leavitt,* 608 F.2d 1290 (9th Cir.1979), as supporting a right to counsel under Rule 44 independent of the Sixth Amendment right. *Id.* at 1293 ("The right to counsel in federal courts is governed by ... Rule 44(a) as well as the sixth amendment."). However, both the language and the holding in *Leavitt* are ambiguous. That case acknowledged a right to counsel for a federal defendant who was given only a suspended sentence. *Id.* at 1291, 1293. If *Scott* precludes the Sixth Amendment right to counsel when actual imprisonment is not imposed, Reilley argues, *Leavitt* must have granted a distinct right under Rule 44. An alternative reading, however, suggests itself. We believe that *Leavitt* acknowledged the defendant's constitutional right to counsel, which is expressed in Rule 44, on the ground that his suspended sentence constituted a "sentence[ ] to a term of imprisonment." Our reading of *Leavitt* draws support both from the evidence cited *supra* suggesting that Rule 44 is coextensive with the Sixth Amendment, and that cited *infra,* Part III, suggesting that a conditionally suspended sentence is sufficient to trigger the Sixth Amendment right to counsel.

We thus hold that Rule 44(a) and the Sixth Amendment are coextensive. A defendant cannot have any rights under Rule 44 that he does not have under the Sixth Amendment. Thus, if *Scott* precludes Reilley's constitutional right to counsel, he cannot claim an independent right under Rule 44(a).

## II.

▮ Reilley next argues that *Scott,* which on its facts addressed the Sixth Amendment right to counsel only in state court, should not be held applicable in federal court. We disagree.

Although *Scott* arose in the context of a state prosecution, and its language therefore deals exclusively with state courts, both the doctrine of selective incorporation, on which *Scott* relies, and the reasoning of *Scott* suggest that its holding must extend to prosecutions in federal court.

The federal constitutional right to counsel in state court addressed in *Scott* is a product of the doctrine of selective incorporation. Under this doctrine, the commands of the Sixth Amendment, which are generally binding only against the federal government, are applied against the states through the Fourteenth Amendment. *See* Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 2.5(a) (1985).

The seminal case granting state criminal defendants a federal constitutional right to counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), was ambiguous as to the basis for its holding. That case could be read as based either on the doctrine of selective incorporation or on the alternative doctrine of fundamental fairness. *See Gideon,* 372 U.S. at 340, 342, 83 S.Ct. at 794, 795 ("the Fourteenth Amendment requires appointment of counsel in a state court just as the Sixth Amendment requires in a federal court"; "appointment of counsel for an indigent criminal defendant was 'a fundamental right, essential to a fair trial' ").

The distinction between the selective incorporation and fundamental fairness doctrines is important because under the former the right that is applied against the states has precisely the same contours as the federal right. Under the fundamental fairness doctrine, in contrast, only those elements of the federal right required to assure fundamental fairness apply against the state. Thus, the state government may be held to a lesser standard than the federal government under the fundamental fairness doctrine but not under the selective incorporation doctrine. *See* W. LaFave & J. Israel, *supra,* § 2.5(a).

At least in the area of the Sixth Amendment right to counsel, the debate between fundamental fairness and selective incorporation seems to have been resolved in favor

of the latter.[7] Subsequent cases, albeit in dicta, have clearly interpreted *Gideon* as resting on selective incorporation. *See, e.g., Argersinger v. Hamlin,* 407 U.S. 25, 27, 92 S.Ct. 2006, 2008, 32 L.Ed.2d 530 (1972) ("The Sixth Amendment, ... in enumerated situations has been made applicable to the States by reason of the Fourteenth Amendment....") (citing *Gideon* and other cases); *Malloy v. Hogan,* 378 U.S. 1, 10, 84 S.Ct. 1489, 1495, 12 L.Ed.2d 653 (1964) ("[T]he right to counsel guaranteed by the Sixth Amendment [is] to be enforced against the States under the Fourteenth Amendment according to the same standards that protect [that] personal right[ ] against federal encroachment.") (citing *Gideon*).

While these references to *Gideon* are admittedly dicta, they appear to be uniform. We are aware of no authority for the proposition that the federal constitutional right to counsel in state prosecutions is a product of the fundamental fairness doctrine or that this right is not coextensive with the right in federal prosecutions.

Where the Sixth Amendment right to counsel applies to the states through the doctrine of selective incorporation, a decision on the scope of that right in one forum must logically extend to the other forum. Thus, *Scott* must apply in federal court.

Additionally, although *Scott*'s reasoning is directed to the context of state court, that reasoning applies with equal force in a federal forum. *Scott* was based primarily on two arguments: First, "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment," at least in the context of a petty offense. 440 U.S. at 373, 99 S.Ct. at 1162. And

second, granting defendants a right to counsel in cases in which imprisonment is not imposed but is merely authorized by statute "would create confusion and impose unpredictable, but necessarily substantial, costs" on the states. *Id.* The first of these considerations, the nature of the penalty, obviously extends to federal as well as state fora. The second consideration, while addressed to the state courts, applies to federal courts as well: Although financial and administrative expedience may not be the strongest of grounds for deciding the scope of a constitutional right, these factors are as relevant in federal courts as they are in state courts.

Courts in at least two other circuits have applied *Scott* in federal court. *See United States v. Doe,* 743 F.2d 1033, 1038 (4th Cir.1984); *United States v. Jackson,* 605 F.2d 1319, 1320 (4th Cir.1979) (per curiam); *United States v. Nash,* 703 F.Supp. 507, 510 (W.D.La.), *aff'd,* 886 F.2d 1312 (5th Cir.1989) (table).[8] And although one district court has explicitly limited Scott to state prosecutions, *United States v. Ramirez,* 555 F.Supp. 736, 740 (E.D.Cal.1983), the reasoning in that case is contrary to that set forth herein. Thus, we must respectfully disagree with *Ramirez.*

In sum, the doctrine of selective incorporation, through which the Sixth Amendment was applied in *Scott,* the reasoning underlying that opinion, and subsequent decisions suggest that *Scott* must apply in federal court as well as in state court.

Therefore, *Scott* is applicable in Reilley's case. Thus, Reilley has a right to assigned counsel under the Sixth Amendment only if

---

**7.** In other areas of Sixth Amendment jurisprudence, the selective incorporation debate appears to continue. *See, e.g., Ballew v. Georgia,* 435 U.S. 223, 246, 98 S.Ct. 1029, 1042, 55 L.Ed.2d 234 (1978) (plurality opinion) (Powell, J., concurring, joined by Burger, C.J., and Rehnquist, J.) ("I do not agree ... that every feature of jury trial practice must be the same in both federal and state courts.") (citation omitted). The theory underlying the fundamental fairness position in the context of jury trials is that certain elements of this right, such as the number of jurors or the unanimity requirement, are "administrative" and can thus be varied by the

states without jeopardizing the core right. Whatever the merits of this position may be, it is inapplicable in the context of the right to counsel.

**8.** Additionally, the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates (R.P.Tr.Misd.) take *Scott* as the "standard adopted by the Supreme Court for determining when appointment of counsel is constitutionally required [in federal courts]." R.P.Tr.Misd. 1, advisory committee's note (1980).

he was "sentenced to a term of imprisonment."

### III.

█ Reilley's final argument is that his conditionally suspended sentence satisfies *Scott*'s "sentenced to a term of imprisonment" requirement, such that he is entitled to counsel under the Sixth Amendment (and therefore under Rule 44(a) as well). We agree.

*Scott* held that "no indigent criminal defendant [can] be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. at 374, 99 S.Ct. at 1162. In this formulation, the constitutional right to counsel limits not the trial itself, but rather the sentence that may be imposed. By denying the defendant counsel, the court effectively waives its right to sentence him to prison. *See United States v. Foster*, 904 F.2d 20, 21–22 (9th Cir.1990) ("[I]f a court wishes to retain its powers to imprison a [defendant], it must simply afford [him] counsel...."); *see also United States v. Sultani*, 704 F.2d 132, 133–34 (4th Cir.1983) (A conditionally suspended jail sentence "could not be made an active one when an indigent defendant had requested counsel and that claim was denied.") (dicta).

Although *Scott* did not address the issue of whether a conditionally suspended term of imprisonment constitutes a "sentence[ ] to a term of imprisonment," the conclusion clearly follows from its holding. If a defendant cannot be ordered to serve a sentence of imprisonment, it seems obvious that a conditional sentence of imprisonment is equally invalid. Since the court's conditional threat to imprison Reilley could never be carried out, the threat itself is hollow and should be considered a nullity.

At least two circuits appear to maintain this position. *See Leavitt*, 608 F.2d at 1293 (constitutional right to counsel attached where jail sentence was suspended);[9] *United States v. White*, 529 F.2d 1390, 1394 (8th Cir.1976) (upholding fine but striking suspended jail term for defendant deprived of counsel).[10]

Although one district court has read *Scott* as adopting an "actual imprisonment" standard, *Nash*, 703 F.Supp. at 510 (conditionally suspended sentence permissible in uncounseled trial under *Scott*) we respectfully disagree with that court's reading of *Scott* for the reasons stated *supra*.[11]

We thus hold that a conditionally suspended sentence of imprisonment cannot be imposed on a defendant who has been denied counsel. Although we strike down that portion of the sentence here, we affirm the remainder of the sentence, which was a $500 fine suspended on the condition that Reilley pay $100. The record does not disclose whether Reilley has, or will, satisfy that condition and, accordingly, we remand so that the district court may supervise the execution of sentence in this case.

Accordingly, Reilley's conviction is AFFIRMED, his prison sentence is VACATED, the remainder of his sentence is AFFIRMED, and the case is REMANDED to the district court for such proceedings con-

---

**9.** Although one might alternatively read *Leavitt* as holding that *Scott* was inapplicable in federal court or that Rule 44 grants a right to counsel even though the Sixth Amendment might not, we decline to adopt either of these interpretations for reasons stated *supra*, Parts I & II.

**10.** Although *White* was decided before *Scott*, its interpretation of *Argersinger* as permitting fines but not prison sentences appears consistent with *Scott*'s reading of that case.

**11.** We further disagree with *Nash*'s holding that the defendant can be imprisoned for the original (uncounseled) offense after his probation is revoked. *Nash* tried to characterize the impris-

onment as a result of violations of probation conditions, rather than the original (uncounseled) offense. Yet, 18 U.S.C. § 3565 does not allow a sentence to be imposed for probation violations that could not have been imposed for the original offense at the time of sentencing. Additionally, that holding is contrary to the positions of at least two other circuits. *See United States v. Foster*, 904 F.2d 20, 21–22 (9th Cir. 1990); *United States v. Sultani*, 704 F.2d 132, 134 (4th Cir.1983) (dicta). (These circuits have expressly reserved the issue of whether a suspended sentence is permissible under *Scott*).

sistent with this opinion as may be necessary.