979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge MIDON, Defendant-Appellant.
 No. 92-2063.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was cited for removing resources from public lands without a permit and interfering with a Bureau of Land Management employee. Defendant was tried before the United States magistrate judge in New Mexico and was found not guilty of removing resources from public lands without a permit, and he was found guilty of interfering with a BLM employee, for which the magistrate judge imposed a fine of one hundred dollars. Defendant appealed the decision to the United States District Court for the District of New Mexico, and the district court affirmed the magistrate judge's ruling. Defendant now appeals to this court, and we affirm the order of the district court.
 
 
 3
 Defendant maintains that, because he was found not guilty of removing resources from public lands, the evidence was insufficient to convict him of interfering with a BLM employee.[1] When considering challenges to the sufficiency of the evidence, "we review the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the government." United States v. Barela, 973 F.2d 852, 854 (10th Cir.1992). We hold that there was sufficient evidence to support the magistrate judge's finding of guilt on the citation for interfering with a BLM employee.
 
 
 4
 Defendant also argues that his Sixth Amendment rights have been violated because the district court refused to appoint counsel to represent him in his appeal of the magistrate judge's ruling and because this court refused to appoint counsel to represent him in this appeal. Defendant was convicted of a petty offense for which no term of imprisonment was imposed. The Sixth Amendment right to counsel does not apply under these circumstances. United States v. Reilley, 948 F.2d 648, 649 (10th Cir.1991) (citing Scott v. Illinois, 440 U.S. 367, 373-74 (1979)).
 
 
 5
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Defendant's request for production of manuals is DENIED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The charge of interference arose because a BLM employee, having reason to suspect that defendant was unlawfully removing wood from public lands, requested that defendant unload the wood from the back of his truck. Defendant refused, thereby interfering with the employee's attempt to perform his duties