**UNITED STATES COURT OF APPEALS**
**Filed 4/4/96TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL WYATT,

      Defendant-Appellant.

Case No. 95-4023

(D.C. 93-CR-40S)
(District of Utah)


---

### ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

Defendant-appellant Michael Wyatt appeals from his sentence of ten months' imprisonment and thirty-six months' supervised probation following a guilty plea for conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. The issue in this case is whether it was proper for the district court to use Mr. Wyatt's prior uncounseled misdemeanor convictions to ascertain his criminal history category for purposes of determining his sentence under the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

Sentencing Guidelines.  We affirm.[1]

## I. BACKGROUND

Mr. Wyatt worked as a telephone salesman for Rocky Mountain Federal (RMF), a telemarketing firm.  From September 1992 through March 1993, RMF sold over the telephone such products as bumper stickers and cleaning supplies at prices ranging from $498 to over $1,000.  Mr. Wyatt and other salespeople sold these products by misleading customers about the probability of the customer winning a valuable free prize with the purchased product.

In 1993, Mr. Wyatt was arrested by the FBI.  He subsequently pleaded guilty to conspiracy to commit wire fraud under 18 U.S.C. § 371.  The Sentencing Guidelines mandate that one criminal history "point" be assessed for each prior sentence of less than sixty days, up to a total of four points.  U.S.S.G. § 4A1.1(c).  In calculating Mr. Wyatt's criminal history category, the presentence report adopted by the district court awarded one point for each of four prior qualifying state misdemeanor convictions.  It is undisputed that Mr. Wyatt was uncounseled in three of these convictions.  To these four criminal history points, the presentence report added two points because the defendant committed the instant offense while under a criminal justice sentence, yielding a total score of six.  This translated to a Criminal History Category of III, see U.S.S.G. §§ 4A1.2 and 5A, which, when combined with an Offense Level of ten, resulted in a sentence range of ten to sixteen months, see U.S.S.G. § 5A.

Over the defendant's objection, the district court adopted the recommendation contained

---

[1]After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

in the presentence report and sentenced him to ten months' imprisonment and thirty-six months'

supervised release. Mr. Wyatt contends that because he was unrepresented by counsel and

allegedly indigent in three of the prior misdemeanor convictions, using those convictions now to

calculate his Criminal History Category violates his Sixth Amendment right to counsel. We

review this legal question <u>de novo</u>. <u>See</u> <u>United States v. Barney</u>, 955 F.2d 635, 638 (10th Cir.

1992).

## II. DISCUSSION

The Supreme Court has held that the right to counsel extends to a misdemeanor defendant

who is actually sentenced to imprisonment. <u>Scott v. Illinois</u>, 440 U.S. 367, 373-74 (1979).

However, <u>Scott</u> does not prohibit the use of prior uncounseled misdemeanor convictions "to

enhance the sentence for a subsequent offense, even though that sentence entails imprisonment,"

so long as the prior convictions themselves were constitutionally valid. <u>Nichols v. United States</u>,

114 S.Ct. 1921, 1927 (1994),

## A. Appellant's Argument

Mr. Wyatt argues that <u>Nichols</u> applies only to sentence enhancements that rely on prior

convictions where the defendant had the means to afford counsel but waived that right, and not to

those where the defendant was indigent and was <u>denied</u> counsel at the time of his prior

convictions. To support this distinction, he cites several cases involving the rights of indigent

defendants, as well as this court's holding in <u>United States v. Reilley</u>, 948 F.2d 648 (10th Cir.

1991).

3

Mr. Wyatt's legal theory is inconsistent with a careful reading of the cases he cites. In Nichols, the district court found that the defendant had not waived his right to counsel at his prior misdemeanor conviction. Nichols, 114 S.Ct. at 1924. Although the government argued that the district court had used the wrong legal standard in failing to find a valid waiver, id. at 1924 n.4, the Supreme Court held that it did not need to decide this issue in order to affirm the district court: even accepting, as the district court did, Nichols' contention that he had not waived his right to counsel, it was nonetheless proper to rely on his uncounseled conviction to enhance the sentence for a subsequent offense. Id. at 1927. Furthermore, there is nothing in Nichols to suggest that the result would have been different if Nichols had been indigent; indeed, there is no indication in the opinion as to whether he was indigent or not.

Nor does Reilley support Mr. Wyatt's theory. In Reilley, the question before the court was whether Scott prohibits "a conditionally suspended sentence of imprisonment [from being] imposed on a defendant who has been denied counsel." Reilley, 948 F.2d at 654. We found that it does. Id. Apparently placing much weight on the phrase "who has been denied counsel," Mr. Wyatt would have us read Reilley, which was decided before Nichols, as requiring a departure from Nichols in cases where an indigent defendant was denied, rather than waived his right to, counsel. However, not only is this interpretation refuted by the foregoing analysis of Nichols, but it is also unsupported by our reasoning in Reilley. We held in Reilley that the question of the defendant's indigence was irrelevant, id. at 650 n. 2, and, although Reilley "did not knowingly and intelligently waive his right to counsel," our decision turned not on that finding but on the issue of whether a conditionally suspended sentence constitutes a "term of imprisonment" under Scott. See Reilley, 948 F.2d at 654. Thus Reilley clearly applies only to conditionally suspended

4

sentences and does not constitute the broader exception to <u>Nichols</u> urged by Mr. Wyatt for defendants who were "denied" counsel.

## B. Validity of Prior Convictions

While Mr. Wyatt's offered grounds for distinguishing this case from <u>Nichols</u> are unconvincing, we note a different basis for challenging the use of his uncounseled convictions. The significant distinction between the facts of this case and <u>Nichols</u> is that, whereas Mr. Wyatt's claims raise the possibility that his three uncounseled convictions were themselves constitutionally invalid under <u>Scott</u>, <u>see</u> Aplt's Reply Br. at 2 (raising the question of whether Mr. Wyatt waived his right to counsel in prior convictions), in <u>Nichols</u> the validity of the prior conviction was not at issue. It is undisputed that each of the challenged convictions in this case resulted in a sentence of imprisonment. <u>See</u> Presentence Report ¶¶ 62, 68-69. Thus, under <u>Scott</u>, Mr. Wyatt was constitutionally entitled to counsel. 440 U.S. at 373-74. <u>Nichols</u> therefore would not preclude him from challenging the validity of those prior convictions on the grounds that his right to counsel was violated. <u>See</u> <u>Nichols</u>, 114 S. Ct. at 1927 ("[A]n uncounseled conviction *valid under Scott* may be relied upon to enhance the sentence for a subsequent offense . . . ." (emphasis added)).

Nor would such a challenge be precluded by <u>Custis v. United States</u>, 114 S.Ct. 1732 (1994), in which the Supreme Court clarified the constitutional requirement governing sentencing courts' consideration of collateral attacks on prior convictions. In <u>Custis</u>, the Court addressed whether the Constitution requires a sentencing court to consider the defendant's claim that a prior conviction, used to enhance his sentence under the Armed Career Criminal Act

5

(ACCA), 18 U.S.C. § 924(e), was invalid due to ineffective assistance of counsel. The Court held that a defendant has no general right at sentencing to collaterally attack a prior conviction, with one exception: convictions obtained in complete violation of the right to counsel. 114 S. Ct. at 1737-38. We have subsequently held that Custis, including its exception, also applies to sentence enhancements under the career offender provision, § 4B1.1, of the Sentencing Guidelines. United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994). We see no reason to hold here that the Custis exception does not also apply to challenged convictions used to calculate a defendant's criminal history under § 4A1.2 of the Guidelines. However, we need not reach this question because, as discussed below, we hold that Mr. Wyatt failed to carry his burden of proof in attacking the validity of his prior uncounseled convictions.

A defendant who challenges prior convictions used to enhance his sentence in a later offense bears the burden of showing by a preponderance of the evidence that the prior convictions are invalid. See United States v. Wicks, 995 F.2d 964, 977-78 (10th Cir.), cert. denied, 114 S.Ct. 482 (1993); United States v. Johnson, 973 F.2d 857, 862 (10th Cir. 1992). Mr. Wyatt has shown only that he was unrepresented by counsel in three prior convictions, but has not alleged that he did not voluntarily and knowingly waive his right to counsel on those occasions. He has therefore failed to carry his burden in challenging those convictions.

Mr. Wyatt argues, nonetheless, that, because of the nature of the rights at stake, it is the government that bears the burden of establishing that his convictions were valid. However, in the absence of any evidence to the contrary, our presumption must be that the Utah courts that convicted him of the prior offenses employed the proper constitutional safeguards. See Parke v. Raley, 506 U.S. 20, 29 (1992) (applying "the 'presumption of regularity' that attaches to final

6

judgments, even when the question is waiver of constitutional rights" to an attack on previous convictions for purposes of state sentence enhancement (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938))). Moreover, the probation officer, in his responses to the parties' objections to the presentence report, stated: "The defendant waived his right to defense counsel in the disputed matters." Second Addendum to the Presentence Report at 1. The district court found that the factual findings in the presentence report were correct. See Supp. R. at 7. As Mr. Wyatt presented no evidence to the contrary, we, too, must accept these findings as correct.

### III.  CONCLUSION

We hold that it was proper for the district court to base Mr. Wyatt's criminal history under § 4A1.2 of the Sentencing Guidelines on prior uncounseled misdemeanor convictions, in the absence of any evidence that those convictions were invalid. Therefore, the decision of the district court is **AFFIRMED**.

Entered for the Court,

Robert Henry
Circuit Judge