**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AHMAD R. SHAYESTEH,

      Petitioner-Appellant,

v.

      No. 99-4020

CITY OF SOUTH SALT LAKE,

      Respondent-Appellee.

---

**Appeal from the United States District Court**
**for the District of Utah, Central Division**
**(D.C. No. 2:97-CV-00504B)**

---

Submitted on the briefs:

Robert Breeze, Salt Lake City, Utah, for Petitioner-Appellant.

H. Craig Hall, City Attorney for South Salt Lake City, Utah, and Matthew B. Janzen and Paul H. Proctor, of the Office of the City Attorney for South Salt Lake City, Utah, for Respondent-Appellee.

---

Before **KELLY** and **PORFILIO**, Circuit Judges, and **ALLEY**, Senior District Judge.*

---

**ALLEY**, Senior District Judge.*

---

     * The Honorable Wayne E. Alley, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

Appellant Ahmad R. Shayesteh appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254[1] from the District Court for the District of Utah, Central Division. We grant Appellant's request for a certificate of appealability to reach the merits of his claim as he has demonstrated the substantial denial of a constitutional right. 28 U.S.C. §2253; 28 U.S.C. §1291.[2]

On April 12, 1995, the Justice Court of the City of South Salt Lake, Salt Lake County, State of Utah convicted Appellant of misdemeanor assault. Appellant requested appointment of counsel and asserted his indigence. The trial court denied counsel because Appellant did not face a substantial probability of imprisonment. Utah Code Ann. §77-32-2 (1995). The trial court sentenced Appellant to a $400 fine, one year probation, restitution and a 30-day suspended sentence conditioned upon the payment of $200 by May 11, 1995. Appellant failed to pay $200 of the fine. The trial court ordered Appellant to show cause why he had not paid the fine. On June 8, 1995, the trial court revoked the suspended sentence and imposed a 30-day jail sentence to be served upon

---

[1]     Although Appellant is currently serving time for an unrelated federal offense, he may challenge his future state sentence pursuant to 28 U.S.C. §2254. See Peyton v. Rowe, 391 U.S. 54, 67 (1968); Rule 1(a)(2) of the Rules Governing §2254 Cases.

[2]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a)(2); 10th Cir.R.34.1(G). The case is therefore ordered submitted without oral argument.

completion of a pending, unrelated federal prison sentence. At no time did the trial court appoint counsel.

Appellant did not directly appeal the misdemeanor assault conviction. Rather, Appellant filed a petition for writ of habeas corpus with the state courts. The state courts found Appellant had waived review of the conviction by failing to directly appeal. Thereafter, Appellant sought federal habeas corpus relief, alleging he was denied assistance of counsel, denied prosecution by information or indictment, and was not informed of his right to a direct appeal. Addressing these claims on federal habeas review, the magistrate judge found Appellant had not established cause for his procedural default of these claims at the state level because he was not entitled to counsel on the charges, and did not show he could not obtain counsel for himself.[3] The United States District Court of Utah adopted the magistrate judge's report and recommendation, finding Appellant's claims procedurally barred. Appellant alleged before the district court, and alleges here, that he failed to raise these claims on direct appeal because he was denied counsel during the trial of the charges, was not advised of his right to appeal, and was not appointed counsel when a term of imprisonment was imposed.

---

[3] The district court stated Appellant had not raised lack of counsel as cause for his procedural default before the magistrate judge. A review of Appellant's affidavit reveals he raised this argument before the magistrate judge and further swore, contrary to the district court's assertion, that he requested counsel before the trial court and informed the court he was indigent.

This Court may not review habeas claims that have been procedurally defaulted in state court unless Appellant can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice would occur if the Court did not review the claims. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). "Cause" sufficient to overcome procedural default is "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Ineffective assistance of counsel may constitute cause sufficient to overcome a procedural bar. Ross v. Ward, 165 F.3d 793, 798 (10th Cir.), cert. denied, 120 S.Ct. 208 (1999); United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

The constitutional question is whether the trial court properly denied Appellant counsel.[4] If Appellant was improperly denied counsel, such denial constitutes cause sufficient to overcome procedural default. The United States Supreme Court has found that any time a term of imprisonment is actually imposed, rather than threatened, a defendant has the right to counsel. Nichols v. United States, 511 U.S. 738, 743 (1994); Scott v. Illinois, 440 U.S. 367, 373-74 (1979). Moreover, a court cannot impose an uncounseled misdemeanor prison sentence by suspending it. United States v. Reilley, 948 F.2d 648, 654 (10th Cir. 1991)(addressing uncounseled misdemeanor suspended sentences in the federal criminal context, but recognizing its rationale is equally

_____

[4] Appellee does not assert that Appellant voluntarily and intelligently waived his right to counsel under Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

applicable to state convictions).[5] Whether a defendant was indigent at the time the trial court denied him counsel is irrelevant for constitutional relief. See United States v. Wyatt, 81 F.3d 173 (table, text in Westlaw) 1996 WL 156737, *2 (10th Cir. April 4, 1996)(citing United States v. Reilley, supra)(unpublished disposition cited as persuasive authority pursuant to 10th Cir.R. 36.3).

However, a defendant has no right to counsel for a misdemeanor conviction based on the imposition of a fine, or restitution. Nichols v. United States, 511 U.S. at 743. Regarding this portion of Appellant's sentence, the denial of counsel at trial and on appeal does not constitute cause sufficient to overcome procedural default. Alternatively, Appellant argues a fundamental miscarriage of justice would occur if the Court did not review his claims because he is actually innocent of the crime. Appellant supports this argument by citing to the denial of counsel at trial and on appeal, and his conviction despite the lack of information/indictment. These claims address his legal rather than factual innocence. As such, Appellant has not established a fundamental miscarriage of justice sufficient to overcome procedural default, and habeas relief is denied regarding his claims that he was denied counsel on direct appeal and was improperly convicted due to the lack of indictment/information. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995).

---

[5]     Curiously, neither party cites this controlling precedent.

Regarding his claim of denial of counsel at trial concerning the imposition of the 30-day sentence and the one-year probation (which was apparently revoked by the imposition of the 30-day jail sentence), Appellant has established cause sufficient to overcome procedural default. United States v. Reilley, 948 F.2d at 654. He must, however, additionally establish prejudice. Klein v. Neal, 45 F.3d at 1400. Where there has been a complete denial of the constitutional right to counsel, as here, prejudice is presumed. United States v. Cronic, 466 U.S. 648, 658-59 (1984). Appellant's claim of denial of counsel regarding the 30-day sentence and one-year probation is not procedurally barred, and we review the merits of this claim.

An indigent defendant is entitled to appointment of counsel in misdemeanor cases any time a term of imprisonment is actually imposed. Scott v. Illinois, 440 U.S. at 373-74. In this Circuit, the Supreme Court's requirement a defendant be sentenced to imprisonment before a constitutional right to counsel attaches is satisfied by the imposition of a suspended sentence or probation. "[T]he constitutional right to counsel limits not the trial itself, but rather the sentence that may be imposed. By denying the defendant counsel, the court effectively waives its right to sentence him to prison." United States v. Reilley, 948 F.2d at 654. "If a defendant cannot be ordered to serve a sentence of imprisonment, it seems obvious that a conditional sentence of imprisonment is equally invalid. Since the court's conditional threat to imprison [defendant] could

never be carried out, the threat itself is hollow and should be considered a nullity." Id.

Only that portion of the sentence concerning imprisonment is invalid. Id.

Reilley was decided prior to Nichols v. United States, supra. However, nothing in the Supreme Court's decision weakens Reilley's rationale, and Appellee makes no attempt to do so. Moreover, Appellant has been sentenced to a 30-day jail term because the trial court revoked its suspension. As such, a term of imprisonment has been imposed.

Two problems with Appellant's sentence are presented: (1) the validity of his suspended sentence based upon the non-payment of the fine; and (2) the validity of probation with the possibility of imprisonment if Appellant fails to satisfy the terms of probation. Because the trial court imposed a fine, suspended sentence and probation simultaneously during the same sentencing, it is impossible to reconstitute the mind of the trial judge, making it impossible to disaggregate the sentence. The uncounseled 30-day sentence is invalid. Likewise, Appellant could not be imprisoned for a violation of the one-year probation, and thus, the imposition of probation is invalid. See United States v.

Reilley, 948 F.2d at 654 n.11.[6]  The remainder of Appellant's sentence, i.e. the $400 fine and restitution, is valid.

Accordingly, Appellant's conviction is AFFIRMED, his prison sentence and probationary period are VACATED, the remainder of his sentence is AFFIRMED, and the case is REMANDED to the district court, which may consider remanding the matter to the state trial court for proceedings, consistent with this opinion, for supervision of the execution of the remainder of Appellant's sentence.

---

[6]     We note in United States v. Luppi, 188 F.3d 520 (table, text in Westlaw) 1999 WL 535295 (10th Cir. July 26, 1999) (unpublished disposition) another panel in this Circuit found that defendant had no constitutional right to counsel because the district court sentenced her to probation and a fine, citing Nichols and Scott.  However, this unpublished opinion has no precedential value and did not address Reilley or its analysis that its conclusion "clearly follows from [Scott's] holding."  Reilley, supra at 654.